SLIP OPINION



Cite as 2014 Ark. 113

# SUPREME COURT OF ARKANSAS

No. CR-12-555

| | | |
|---|---|---|
| THEOTIS THORNTON | | **Opinion Delivered** March 13, 2014 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-07-4812] |
| | | |
| STATE OF ARKANSAS | | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| | APPELLEE | |
| | | <u>AFFIRMED</u>. |

### PER CURIAM

In 2009, appellant Theotis Thornton was found guilty by a jury of aggravated residential burglary and use of a firearm in the commission of the offense. He was sentenced to serve an aggregate term of 540 months' imprisonment. The Arkansas Court of Appeals affirmed. *Thornton v. State*, 2010 Ark. App. 569. Appellant subsequently filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009). The trial court denied the petition without a hearing, and appellant now brings this appeal.[1] Our jurisdiction is pursuant to Rule 37 and Arkansas Supreme Court Rule 1-2(a)(8) (2013).

This court does not reverse a decision granting or denying postconviction relief unless the circuit court's findings are clearly erroneous. *Rackley v. State*, 2014 Ark. 39; *Banks v. State*,

---

[1]The Rule 37.1 petition filed in the trial court was filed by appellant's attorney, but appellant filed a pro se notice of appeal from the order that denied the petition, and he is proceeding pro se in this appeal.

2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Rackley*, 2014 Ark. 39; *Hickey v. State*, 2013 Ark. 237, ___ S.W.3d ___ (per curiam).

On appeal, appellant reiterates the allegations contained in the Rule 37.1 petition, but he goes beyond those claims in his brief by providing additional information to shore up what were entirely conclusory allegations in the petition. As the trial court did not have the additional information when it ruled on the Rule 37.1 petition, appellant is not permitted to bolster the claims with the information on appeal. Because an appeal from an order denying postconviction relief is the review of the decision made by the trial court based on the petition before it, an appellant in a Rule 37.1 proceeding is limited to the scope and nature of his arguments below, and he cannot raise new arguments on appeal or add factual substantiation to the allegations made below. *See Bryant v. State*, 2013 Ark. 305, ___ S.W.3d ___ (per curiam); *see also Hogan v. State*, 2013 Ark. 223 (per curiam).

An examination of the Rule 37.1 petition reveals that it indeed was a series of statements contending prejudice caused to the defense by the attorney without factual support for the claims. Appellant argued below that his attorney was ineffective in the following ways: counsel was impaired by a controlled substance and suffering from substance abuse; counsel had been prosecuted in the "pendency of the matter"; counsel had been found guilty of possession of a controlled substance; the Committee on Professional Conduct had sought suspension of counsel's license; counsel failed to investigate appellant's medical records and subpoena medical

experts to testify about the gunshot wound that appellant had suffered; counsel failed to investigate forensic evidence regarding the firearm fired by the victim and the firearm filed by the intruder; counsel failed to cross-examine the forensic experts at trial concerning the firearms used by the victim and the intruder; failed to investigate the case and determine whether it was possible that someone other than the victim had shot appellant. Those allegations of prejudice must fail in that appellant did not explain the bases for the statements. For example, he did not state what controlled substance affected counsel's performance or state any specific conduct by counsel that prejudiced the defense that was attributable to substance abuse. He also failed to state what information could have been gleaned from appellant's medical records that would have been helpful to the defense and failed to state what further investigation of the forensic evidence could have revealed that would have been beneficial to the defense. In short, the allegations, taken one by one, were entirely devoid of any factual substantiation from which it could be determined that appellant had been prejudiced in any specific way by his attorney's performance. Such substantiation is crucial to the trial court's ability to determine whether an attorney was effective. For that reason, conclusory claims are not a ground for relief under Rule 37.1. *Dixon v. State*, 2014 Ark. 97 (per curiam); *Alford v. State*, 2014 Ark. 43 (per curiam); *Bosnick v. State*, 275 Ark. 52, 627 S.W.2d 23 (1982) (holding that it was not error to deny a petition that merely stated a conclusion). Unsubstantiated conclusions do not demonstrate within the scope of an analysis of counsel's conduct under *Strickland* that there was any basis for a finding of ineffective assistance of counsel. *Nelson v. State*, 2014 Ark. 28 (per curiam). To prevail under *Strickland*, appellant was required to establish with facts that counsel made some error so serious

that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *See Nelson*, 2014 Ark. 28; *see also Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). Appellant did not meet his burden of stating facts that affirmatively supported his claims of prejudice; accordingly, the trial court did not err in denying relief. *See Thacker v. State*, 2012 Ark. 205 (per curiam); *Jones v. State*, 2011 Ark. 523 (per curiam); *Payton v. State*, 2011 Ark. 217 (per curiam).

Finally, appellant contends in his brief that the trial court should have held an evidentiary hearing on his petition. Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). Where the trial court denies a Rule 37.1 petition without an evidentiary hearing, it "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. In the instant case, the trial court's order denying postconviction relief complied with the requirements of Rule 37.3. To the degree that appellant argues that an evidentiary hearing should have been held to bolster the conclusory allegations contained in the Rule 37.1 petition, the strong presumption in favor of counsel's effectiveness cannot be overcome by a mere possibility that an evidentiary hearing might produce evidence to support an allegation contained in a petition for postconviction relief. *See Whitmore v. State*, 299 Ark. 55, 771 S.W.2d 266 (1989); *see also Nance v. State*, 339 Ark. 192, 4 S.W.3d 501 (1999).

SLIP OPINION

Affirmed.

*Theotis Thornton*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.