SLIP OPINION

Cite as 2016 Ark. 167

# SUPREME COURT OF ARKANSAS.
No. CR–15–336

| | | |
|---|---|---|
| CALVIN J. STOVER | | **Opinion Delivered** April 14, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT |
| V. | | [NO. 04CR-12-817] |
| STATE OF ARKANSAS | | |
| | | HONORABLE ROBIN F. GREEN, JUDGE |
| | APPELLEE | |
| | | <u>AFFIRMED</u>. |

**PER CURIAM**

Pending before this court is an appeal from the denial of appellant Calvin J. Stover's pro se petition for postconviction relief filed pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2015). For the reasons set forth below, the trial court's order denying postconviction relief is affirmed.

Stover was convicted by a jury of possession of methamphetamine, being a felon in possession of a firearm, and simultaneous possession of drugs and firearms. He was sentenced to an aggregate term of 480 months' imprisonment. His convictions and sentences were affirmed on appeal by the Arkansas Court of Appeals. *Stover v. State*, 2014 Ark. App. 393, 437 S.W.3d 695. The mandate was issued on July 8, 2014.

Stover filed a timely verified postconviction petition on September 8, 2014,[1] which

---

[1]The trial court noted that the postconviction petition was filed 61 days after the mandate issued but found the delay was excused, as the 60th day to timely file his Rule 37.1 petition fell on a Sunday.

alleged that the trial court was biased and that his two attorneys, Sarah Ashley and Scott McElveen, failed to effectively represent him. The trial court did not conduct a hearing but issued a written order, cited to the record, applied the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), and concluded that Stover's ineffective-assistance-of-counsel claims were not supported by the trial record and denied relief.

This court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Kemp v. State*, 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on the totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland*, 466 U.S. 668, the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, at 5, 427 S.W.3d 29, 32.

Under the two-prong standard outlined in *Strickland*, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Adkins v. State*, 2015 Ark. 336, at 5–6, 336 S.W.3d 790, 795. The reviewing court must indulge in a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* The petitioner claiming ineffective assistance of counsel has the burden of overcoming this presumption by identifying specific acts or omissions of trial


counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id.*

The second prong requires a petitioner to show that counsel's deficient performance so prejudiced his defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, at 5, 426 S.W.3d 462, 467. Consequently, a petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt. *Breeden v. State*, 2014 Ark. 159, at 2, 432 S.W.3d 618, 622 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Airsman v. State*, 2015 Ark. 409, at 3, 473 S.W.3d 549, 553–54 (per curiam).

For his first point on appeal, Stover argues that, because he filed a grievance against the trial judge with the Judicial Discipline and Disability Commission, a conflict of interest arose that caused the trial judge to be biased. Stover argues that the trial judge should have recused after the grievance had been filed. Allegations of judicial bias must be raised at trial and addressed on direct appeal and are not cognizable in postconviction proceedings. *Green v. State*, 2013 Ark. 455, at 8 (per curiam). Further, Stover's allegations are conclusory in that he fails to identify particular behavior on the judge's part that prejudiced the outcome of the trial. Conclusory allegations of trial error are not sufficient to warrant granting relief under Rule 37.1. *Id.*

SLIP OPINION

Stover argues in his second point on appeal that both counsel had a conflict of interest that allegedly arose when Stover filed complaints with the Public Defender Commission against one of his attorneys, Sarah Ashley, which Stover contends created an irreconcilable conflict that impaired the loyalty and the effective representation of both attorneys. Stover's bare contention that counsel were conflicted is insufficient to establish the existence of an actual conflict of interest, which generally requires a showing that counsel was actively representing the conflicting interests of third parties. *Townsend v. State*, 350 Ark. 129, 134, 85 S.W.3d 526, 528 (2002).

In the absence of an actual conflict, a petitioner alleging that counsel's performance was deficient due to another form of conflict must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Townsend*, 350 Ark. at 134, 85 S.W.3d at 528 (citing *Mickens v. Taylor*, 535 U.S. 162 (2002)); *Winfield v. Roper*, 460 F.3d 1026, 1039 (8th Cir. 2006) (explaining that the rule presuming prejudice has not been extended beyond cases in which an attorney has represented more than one defendant). Therefore, as with any ineffective-assistance-of-counsel claim, Stover had the burden of providing factual support to demonstrate that the alleged conflict of interest adversely affected counsel's performance. *Bullock v. State*, 353 Ark. 577, 582-83, 111 S.W.3d 380, 384 (2003).

In his Rule 37.1 petition, Stover failed to identify the specific acts or omissions of counsel that resulted from the alleged conflict. The trial court properly found that Stover had not set forth sufficient facts showing that counsel were disloyal and relied on the record when it concluded that counsel took advantage of every opportunity to aid Stover.

Although Stover on appeal adds additional factual allegations in support of his conflict claim and seems to raise a new claim that the trial court erred when it refused to appoint other counsel, we are precluded from addressing these new fact allegations and claims that are raised for the first time on appeal. *Thornton v. State*, 2014 Ark. 113, at 2 (per curiam).

In his third point on appeal, Stover contends that counsel were ineffective when they failed to move for a directed verdict on the basis that there was insufficient proof that he possessed a usable amount of a controlled substance. This specific challenge to the sufficiency of the evidence was raised on direct appeal and was found to have been waived. *Stover*, 2014 Ark. App. 393, at 1, 437 S.W.3d at 697.

Stover alleges that he was prejudiced by the failure to preserve the issue because the evidence was insufficient to show he possessed a usable amount of methamphetamine because expert testimony established that the sample found in his possession contained 0.1736 grams of both methamphetamine and dimethyl sulfone, but that the specific amounts of each substance contained in the sample could not be ascertained. However, the amount of a diluent, such as dimethyl sulfone, discovered in a controlled substance does not negate the criminality of its possession. *See* Ark. Code Ann. § 5-64-419(a)(b)(1)(A) (Supp. 2011) (stating in pertinent part that it is unlawful to possess methamphetamine with an aggregate weight including an adulterant or diluent in an amount that is less than two grams); *see also Jones v. State*, 357 Ark. 545, 553, 182 S.W.3d 485, 489 (2004) (holding that a measureable amount of methamphetamine includes the amount of the pure drug plus all adulterants). Furthermore, we have concluded that possession of 100 milligrams constituted a usable amount of methamphetamine. *Jones*, 357 Ark. at 553, 182 S.W.3d at 489. Here, the

SLIP OPINION

expert's testimony established that Stover possessed more than 100 milligrams of methamphetamine. Stover fails to demonstrate that had counsel preserved this issue for appellate review, the appellate court would have found that the evidence was insufficient to support the conviction. *See Strain v. State*, 2012 Ark. 42, at 3–4, 394 S.W.3d 294, 298 (per curiam).

For his fourth point on appeal, Stover contends that counsel failed to object to the State's amendment of the criminal charges to include one count of simultaneous possession of a weapon and a controlled substance. Stover asserts that he was prejudiced because he was not made aware of the amendment until the day before his trial. The State, however, is entitled to amend an information at any time before the case is submitted to the jury as long as the amendment does not change the nature or the degree of the offense charged or create an unfair surprise. *Dodge v. State*, 2014 Ark. 116, at 6 (per curiam). An amendment may be properly quashed if it misleads or impedes a criminal defendant in making a defense. *Hoover v. State*, 353 Ark. 424, 428, 108 S.W.3d 618, 620 (2003). The mere fact that an amendment authorizes a more severe penalty does not change the nature or degree of the crime. *Stewart v. State*, 338 Ark. 608, 612, 999 S.W.2d 684, 687 (1999). The record shows that the prosecutor originally charged Stover with possession of a controlled substance and possession of a weapon. Stover does not explain how the amended charge of simultaneous possession of drugs and weapons changed the nature of the charges such that it impeded the development of his defense or prejudiced the outcome of his trial. *Hoover*, 353 Ark. at 428, 108 S.W.3d at 620.

Stover's contention that he was unfairly surprised by the amended information is not only conclusory but it is also contradicted by the record. The prosecutor amended the information to add the additional charge on March 8, 2013, thirty-two days before Stover's trial on April 9, 2013. *See DeAsis v. State*, 360 Ark. 286, 294–95, 200 S.W.3d 911, 916, (2005) (concluding that defendant was not prejudiced by an amendment that added additional charges thirty-four days before trial). Moreover, the record shows that when Stover was originally arrested, he was charged with simultaneous possession of drugs and a weapon as reflected in documents prepared and filed by Benton County police officers. The trial court did not clearly err when it concluded that this allegation of attorney error was without merit because the amended information added one charge for which Stover had been originally arrested and the amendment occurred 30 days before trial.

For his fifth point on appeal, Stover contends that counsel ineffectively failed to challenge the underlying probable cause for an arrest warrant issued by Washington County, which was executed by Benton County police officers who searched Stover incident to that arrest and seized a weapon and a cigarette package containing methamphetamine. Stover contends that counsel should have moved to suppress the drugs and weapon because the charges that were filed in Washington County were subsequently dismissed which Stover argues invalidated the arrest warrant, and which, in turn, invalidated the search performed incident to that arrest. Stover's arguments concerning the validity of the arrest warrant are entirely conclusory. Stover fails to raise sufficient allegations establishing that the arrest warrant was invalid other than to allege that the Washington County charges were dismissed. We have held that jurisdiction to try the accused does not depend upon the

validity of the arrest. *See State v. Richardson*, 373 Ark. 1, 3, 280 S.W.3d 20, 22, (2008) (citing *Singleton v. State*, 256 Ark. 756, 757, 510 S.W.2d 283, 284 (1974)). The allegation that the Washington County charges were dismissed does not, without more, establish that the warrant served by the Benton County officers lacked probable cause or was otherwise invalid. Stover's conclusory allegations do not establish a meritorious ground to suppress the evidence discovered in the search incident to the arrest.

In his sixth point on appeal, Stover argues that counsel were ineffective for failing to obtain a ruling on a motion for mistrial that was made after it was discovered that Stover had been wearing a prison-identification bracelet on his left arm while in the presence of the jury panel. On direct appeal, the court of appeals refused to reach this issue because counsel did not obtain a ruling on the mistrial motion from the trial court. *Stover*, 2014 Ark. App. 393, at 3–4, 437 S.W.3d at 698. The record demonstrates that Stover's counsel moved for a mistrial because of the prison-identification bracelet, and also because potential jurors had seen Stover being escorted by a deputy sheriff. Without ruling on the motion, the trial court ordered that the bracelet be removed and excused two potential jurors who had seen Stover with the sheriff's deputy.

The record shows that Stover was wearing the bracelet for a short time before it was discovered and removed and that it was inconspicuous such that neither Stover's counsel nor the trial court noticed it until the prosecutor brought it to light. Stover insists that counsel was ineffective in failing to preserve the bracelet issue for appeal and contends that, due to counsel's errors, he was "forced to stand trial in prison garb." Briefly appearing before potential jurors wearing a prison-identification bracelet does not constitute being

forced to stand trial in prison garb. *See Vance v. State*, 2011 Ark. 243, at 33, 383 S.W.3d 325, 346 (a mistrial was not warranted when the sighting of the defendant in shackles and prison garb outside the courtroom was brief and inadvertent, by less than all of the jurors). Additionally, Stover does not establish that any member of the jury panel noticed the bracelet or its significance in the short time that Stover was wearing it in their presence. Even if a few jurors spotted the bracelet, the sighting was brief and inadvertent. *Vance*, 2011 Ark. 243, at 33, 383 S.W.3d at 346. Stover does not demonstrate that counsel failed to preserve a meritorious issue on appeal. *State v. Rainer*, 2014 Ark. 306, at 13, 440 S.W.3d 315, 323. (per curiam).

In his seventh point on appeal, Stover alleges that counsel were ineffective for failing to investigate and interview witnesses. In his argument on appeal, Stover names Kaneida Rambo, Sheryl Crown, Gary Madrid, Renee Cook, and Candace Williams as witnesses whom counsel failed to call in his defense. This court has held that it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Weatherford v. State*, 363 Ark. 579, 586, 215 S.W.3d 642, 649 (2005).

Although Stover did not provide the names of these witnesses, nor did he provide a summary of their anticipated testimony in his Rule 37.1 petition, the trial court referred to a transcript of a pretrial hearing conducted on the day of trial and considered complaints raised on the record by Stover that counsel had failed to subpoena Kaneida Rambo, Renee Cook, and Gary Madrid. In assessing the attorney's decision to not call a particular witness, it must be taken into account that the decision is largely a matter of professional judgment

that experienced advocates could endlessly debate. *Sparks v. State*, 2009 Ark. 260, at 2–3 (per curiam). Based on its review of the record, the trial court concluded that Stover's counsel "exhibited reasonable professional judgment in their stated reasons for not calling these witnesses." This conclusion is not clearly erroneous. With respect to Stover's allegations that counsel ineffectively failed to call Candice Williams and Sheryl Crown for the purpose of presenting character evidence, we are precluded from addressing this argument which was not raised below or considered by the trial court. *Thornton*, 2014 Ark. 113, at 2.

In his final point on appeal, Stover argues that the trial court erred when it denied his claim for postconviction relief without a hearing. We have explained that Rule 37.3 clearly grants the trial court discretion to decide whether the files and records are sufficient to address the petition without a hearing, and the trial court need not hold an evidentiary hearing where it can be conclusively shown on the record, or the face of the petition itself, that the allegations have no merit. *Green v. State*, 356 Ark. 59, 65, 146 S.W.3d 871, 877 (2003). Conclusory allegations that are unsupported by facts do not provide a basis for either an evidentiary hearing or postconviction relief. *Id.* Because it is clear that the allegations set forth in Stover's Rule 37.1 petition were conclusory and unsupported by the record, the trial court did not err when it denied relief without conducting an evidentiary hearing.

Affirmed.

*Calvin J. Stover*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.