
# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–16–480

| | |
|---|---|
| LESLIE JOHN HARRIS<br>**APPELLANT**<br><br>V.<br><br>STATE OF ARKANSAS<br>**APPELLEE** | **Opinion Delivered:** June 21, 2017<br><br>APPEAL FROM THE CLARK COUNTY CIRCUIT COURT<br>[NO. 10CR–2011–54]<br><br>HONORABLE ROBERT E. MCCALLUM, JUDGE<br><br>AFFIRMED IN PART; DISMISSED IN PART |

## RAYMOND R. ABRAMSON, Judge

Appellant Leslie John Harris appeals the order of the Clark County Circuit Court denying his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. We assumed jurisdiction of this appeal pursuant to footnote 1 in *Barnes v. State*, 2017 Ark. 76, 511 S.W.3d 845 (per curiam). Harris contends that the circuit court erred in denying his petition because his trial counsel was ineffective for (1) failing to seek posttrial relief based on juror misconduct and (2) failing to ensure that his plea to the charge of possession of a firearm by certain persons was knowingly, voluntarily, and intelligently entered. He also argues that, regardless of his trial counsel's performance, the circuit court erred by refusing to set aside his conviction for possession of a firearm by certain persons because he did not enter a knowing, intelligent, or voluntary plea to that charge. We affirm in part and dismiss in part.

Harris was convicted by a Clark County jury of criminal use of a prohibited weapon, two counts of possession of a controlled substance with intent to deliver, and simultaneous possession of drugs and firearms. This case began on March 6, 2011, when Jasmine Owens alerted a 911 dispatcher that Harris had attempted to sexually assault her at his home. Sheriff's deputies were notified that Harris was driving a black pickup truck and that Owens's purse, shoes, and jacket were inside. Harris was pulled over a short time later. After he was taken into custody, officers searched his vehicle and found brass knuckles and Owens's purse and shoes. Officers also later found drugs in the backseat of the patrol car in which Harris was transported. The police obtained a search warrant for Harris's home and found a .22-caliber rifle in a bedroom, a 9mm handgun in an air vent in the living room, ecstasy pills in the pocket of a jacket lying on a bed, digital scales, and a red jacket that Owens later identified as hers.

Harris was charged with criminal use of a prohibited weapon, two counts of possessing a controlled substance with intent to deliver, criminal attempt to commit sexual assault, possession of a firearm by certain persons, and simultaneous possession of drugs and firearms. Before the trial, Harris's counsel, Tim Beckham, moved to sever the felon-in-possession charge from the other charges; the circuit court granted the motion. On January 19, 2012, after a jury trial on the remaining counts, a Clark County jury convicted Harris of criminal use of a prohibited weapon, two counts of possession of a controlled substance with intent to deliver, and simultaneous possession of drugs and firearms. Harris was acquitted on the sexual-assault charge. He was sentenced to six years' imprisonment for criminal use of a prohibited weapon and forty years each on his other three convictions.

SLIP OPINION

At a hearing on January 25, 2012, at which the court was to decide the issue of consecutive versus concurrent sentences, the parties notified the court that they had reached an agreement whereby Harris pleaded no contest to the felon-in-possession charge. He was sentenced to six years for that crime, to run concurrently with the six-year sentence for criminal use of a prohibited weapon. The circuit court ran Harris's three 40-year sentences concurrently with each other but consecutively to the six-year sentences. This court affirmed Harris's conviction in *Harris v. State*, 2012 Ark. App. 674, and the mandate was entered on December 18, 2012.

Harris filed a petition for relief under Rule 37 on February 19, 2013; the petition contained a proper verification. Harris petitioned the circuit court pursuant to Arkansas Rule of Criminal Procedure 37 for relief from his convictions for criminal use of a prohibited weapon, possession of a controlled substance with intent to deliver (two counts), possession of a firearm by certain persons, and simultaneous possession of drugs and firearms, and his sentence of forty-six years in prison, on the ground that he was convicted and sentenced in violation of his Fifth, Sixth, and Fourteenth Amendment rights to effective assistance of counsel.[1]

---

[1]We note that Harris was convicted by a Clark County jury of criminal use of a prohibited weapon, two counts of possession of a controlled substance with intent to deliver, and simultaneous possession of drugs and firearms. Harris pleaded no contest to the charge of possession of a firearm by certain persons. In our opinion *Harris v. State*, 2012 Ark. App. 674, we inaccurately stated that "Leslie Harris was convicted by a Clark County jury of criminal use of a prohibited weapon, two counts of possession of a controlled substance with intent to deliver, possession of a firearm by certain persons, and simultaneous possession of drugs and firearms. As a habitual offender, he was sentenced to a total of forty years' imprisonment." We correct ourselves here and acknowledge that the Clark County jury

SLIP OPINION

In his petition, Harris alleged that his trial counsel was ineffective for failing to file a motion for a new trial based on jury misconduct; that his trial counsel was ineffective for failing to ensure that his plea to the charge of possession of a firearm by certain persons was knowingly, voluntarily, and intelligently made; and that regardless of his trial counsel's performance, his conviction for possession of a firearm by certain persons should be set aside because he did not enter a knowing, intelligent, or voluntary plea to that charge. After a hearing on December 10, 2015, the circuit court entered an order denying the petition on February 3, 2016.[2] On appeal, Harris contends that the circuit court clearly erred by rejecting his ineffective-assistance-of-counsel claims and by refusing to set aside his plea.

We do not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Reed v. State*, 2011 Ark. 115 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

The benchmark question to be resolved in judging a claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Norris v. State*, 2013 Ark. 205, 427 S.W.3d 626 (per curiam). A Rule 37 petitioner's ineffective-assistance-of-counsel claims are analyzed under the two-prong standard as set forth by the

---

convicted Harris of all of the crimes listed except possession of a firearm by certain persons. As noted above, Harris pleaded no contest to that charge.

[2]The record does not reflect why the Rule 37 hearing was held almost three years after the petition had been filed.

United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Lowe v. State*, 2012 Ark. 185, 423 S.W.3d 6 (per curiam). Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that the deficient performance prejudiced the defense to the extent that the appellant was deprived of a fair trial. *Id*. A claimant must satisfy both prongs of the test, and it is unnecessary to examine both components of the inquiry if the petitioner fails to satisfy either requirement. *See Pennington v. State*, 2013 Ark. 39 (per curiam).

A petitioner claiming ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the petitioner by the Sixth Amendment to the United States Constitution. *Walton v. State*, 2013 Ark. 254 (per curiam). There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel that when viewed from counsel's perspective at the time of the trial could not have been the result of reasonable professional judgment. *Id*.

In order to meet the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Delamar v. State*, 2011 Ark. 87 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*. Here, Harris's ineffective-assistance-of-counsel claims fail under the *Strickland* standard. He cannot overcome the second prong of the standard—the petitioner must show that, considering the totality of the evidence before the fact-finder, counsel's performance prejudiced his defense.

Prejudice is demonstrated by showing that there is a reasonable probability that, but for counsel's errors, the outcome of the trial would have been different. *Jackson v. State*, 352 Ark. 359, 365, 105 S.W.3d 352, 357 (2003) (quoting *Cothren v. State*, 344 Ark. 697, 703–04, 42 S.W.3d 543, 547 (2001)).

Harris's first allegation of ineffective assistance of counsel was that counsel failed to file a motion for new trial for juror misconduct. Harris claims that between the date of his trial on January 19, 2012, and when the court reconvened on January 25, 2012, to determine the issue of concurrent versus consecutive sentences, he learned that one of the jurors at his trial had been in an intimate relationship with his ex-wife and had failed to disclose that fact during jury selection. Harris brought his assertion to the circuit court's attention at the January 25 sentencing hearing, but he was unable to identify the juror or offer any evidence to the court to prove his allegation. The court informed Harris that this was a matter for a postconviction motion if he felt that he needed to file for some type of relief. However, Harris did not file a motion for a new trial based on a claim of juror misconduct. He asserts that his trial counsel's failure to file such a motion constituted ineffective assistance.

At the December 10, 2015 Rule 37 hearing, Harris's trial counsel, Tim Beckham, testified that Harris mentioned his juror-misconduct allegation to him just moments before the January 25 sentencing hearing. Beckham testified that he did not follow up on the allegation because he did not find it to be credible. Beckham's understanding was that Harris and his ex-wife were divorced, that she was out of his life, and that she was not critical to any defense or arguments that he might raise. Furthermore, Beckham testified that Harris was present during jury selection and did not ever notify Beckham that he had any

knowledge of any negative information about potential jurors. Beckham stated that he received no additional information from Harris so he did not follow up on his claim.

Harris also testified at the Rule 37 hearing. He claimed that he heard from two sources about the juror, whom he identified as Timothy Wells. He stated that a friend named "Eric" informed him over the phone about Wells, but he could not recall Eric's last name. He also testified that his ex-wife, Kelly Harris, told him about Wells both over the phone and during her visit with him in jail. In rebuttal, the State introduced a "Visitor Register" for the Clark County jail for the time period between January 1, 2012, and February 9, 2012; the register did not reflect that Harris received a visit from his ex-wife during that time frame.

After hearing the evidence, the circuit court denied Harris's claim. The circuit court found that Harris's allegations of juror misconduct were wholly conclusory. We agree. Conclusory allegations without factual substantiation are not sufficient to overcome the presumption that counsel was effective. *E.g.*, *James v. State*, 2013 Ark. 290, at 4. Harris never presented any evidence at either the sentencing hearing or in his Rule 37 proceedings to support his allegations. Jurors are presumed to be unbiased, and the burden is on the appellant to show otherwise. *E.g.*, *McIntosh v. State*, 340 Ark. 34, 38, 8 S.W.3d 506, 509 (2000). Because Harris failed to show any bias or misconduct, his trial counsel was not deficient for failing to file a meritless posttrial motion based on such an allegation. *Boatright v. State*, 2014 Ark. 66, at 6; *see also Monts v. State*, 312 Ark. 547, 549, 851 S.W.2d 432, 434 (1993) (holding counsel was not deficient for declining to make a meritless argument). Accordingly, we hold that the circuit court did not clearly err by rejecting Harris's claim.

Harris's second point on appeal is that the circuit court clearly erred by rejecting his claim that Beckham was ineffective for failing to ensure that his plea to the charge of possession of a firearm by certain persons was knowingly, voluntarily, and intelligently made. He also argues that, regardless of Beckham's performance, his conviction for possession of a firearm by certain persons should be set aside because the record demonstrates that he did not enter a knowing, intelligent, or voluntary plea to that charge. The circuit court rejected both arguments, finding that the evidence demonstrated that Harris entered his no-contest plea voluntarily and intelligently and that Harris failed to demonstrate that his trial counsel's representation fell short of an objective standard of reasonableness with respect to the plea.

However, when a petitioner enters a plea of guilty, Rule 37.2 provides that a petition must be filed within ninety days of the date that the judgment was entered of record. Ark. R. Crim. P. 37.2(c)(i). The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and if they are not met, the circuit court lacks jurisdiction to grant postconviction relief. *Ussery v. State*, 2014 Ark. 186; *Talley v. State*, 2012 Ark. 314 (per curiam); *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996) (per curiam). The judgment regarding Harris's plea was entered on January 27, 2012.[3] Thereafter, Harris had ninety days to file his Rule 37 petition regarding his plea. *See* Ark. R. Crim. P. 37.2(c)(i). Harris's petition was filed on February 19, 2013—well after the ninety-day time limit had passed. Therefore, the portion of his petition regarding his plea was not timely filed because Harris filed it more than ninety

---

[3]The sentencing order reflects a negotiated plea of guilty, but it was actually a negotiated plea of nolo contendere, or no contest. There is no distinction between guilty pleas and pleas of no contest for purposes of Rule 37.1. *See Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996).

days after the judgment had been entered of record. Accordingly, the circuit court had no jurisdiction to grant the relief sought. When the lower court lacks jurisdiction, the appellate court also lacks jurisdiction. *Ussery*, 2014 Ark. 186; *Winnett v. State*, 2012 Ark. 404 (per curiam). Accordingly, the order of the circuit court is affirmed as to Harris's convictions of criminal use of a prohibited weapon, two counts of possession of a controlled substance with intent to deliver, and simultaneous possession of drugs and firearms, and dismissed as to the plea of no contest to the charge of possession of a firearm by certain persons.

Affirmed in part; dismissed in part.

GLADWIN and GLOVER, JJ., agree.

*Craig Lambert*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.