N. MARK KLAPPENBACH, Judge
On November 29, 2017, appellant Larry David Davis appeared before the Clark County Circuit Court to enter a negotiated plea of no contest to the crimes of commercial *286 burglary, theft of property, and breaking or entering, as charged in circuit court case number CR-17-70. The State had accused Davis of breaking into the office of the Southfork Truck Stop in Clark County and stealing money on April 4, 2017. At the conclusion of the plea hearing, the trial court sentenced Davis, as a habitual offender, to concurrent prison terms for a total of thirty years to be served in the Arkansas Department of Correction. A sentencing order was filed to memorialize the plea and sentencing. Davis filed a petition for postconviction relief in case number CR-17-70 pursuant to Arkansas Rule of Criminal Procedure 37. The circuit court entered an order denying Davis's petition without conducting an evidentiary hearing. Davis filed a timely notice of appeal from that order. We affirm.
When reviewing the trial court's ruling on a Rule 37.1 petition, the appellant is limited to the scope and nature of the arguments that he made below that were considered by the trial court in rendering its ruling. Pedraza v. State , 2016 Ark. 85, 485 S.W.3d 686. We do not address new arguments raised for the first time on appeal, nor do we consider factual substantiation added to bolster the allegations made below. Thornton v. State , 2014 Ark. 113, 2014 WL 1096263 ; Bridgeman v. State , 2017 Ark. App. 321, 525 S.W.3d 459.
We do not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. Johnson v. State , 2018 Ark. 6, at 2, 534 S.W.3d 143, 146. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that the circuit court made a mistake. Id. The trial court has discretion pursuant to Rule 37.3(a) to decide whether the files or records are sufficient to sustain the court's findings without a hearing. Wood v. State , 2015 Ark. 477, 478 S.W.3d 194. Davis does not argue on appeal that the circuit court's decision not to hold an evidentiary hearing on his postconviction petition was in error.
"The benchmark for judging a claim of ineffective assistance of counsel must be 'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' Strickland [v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ]." Mancia v. State , 2015 Ark. 115, at 4, 459 S.W.3d 259, 264 (citing Henington v. State , 2012 Ark. 181, at 3-4, 403 S.W.3d 55, 58 ). Pursuant to Strickland , we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance of counsel must show that his counsel's performance fell below an objective standard of reasonableness. Mancia , 2015 Ark. 115, at 4, 459 S.W.3d at 264. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Osburn v. State , 2018 Ark. App. 97, 538 S.W.3d 258. Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. Id. The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. Id. Additionally, conclusory statements that counsel was ineffective cannot be the basis for postconviction relief. Id.
*287 The Strickland standard applies to allegations of ineffective assistance of counsel pertaining to possible prejudice in guilty-plea and sentencing proceedings. Mancia , 2015 Ark. 115, at 5, 459 S.W.3d at 264. There is no distinction between guilty pleas and pleas of no contest for purposes of Rule 37.1. See Seaton v. State , 324 Ark. 236, 920 S.W.2d 13 (1996) ; Harris v. State , 2017 Ark. App. 381, 526 S.W.3d 43. To establish prejudice and prove that he or she was deprived of a fair trial due to ineffective assistance of counsel, a petitioner who has pled guilty must demonstrate a reasonable probability that, but for counsel's errors, the petitioner would not have so pled and would have insisted on going to trial. Jones v. State , 2015 Ark. 119, at 5, 2015 WL 3484687. Further, "on appeal from the denial of a Rule 37 petition following pleas of guilty there are only two issues for review-one, whether the plea of guilty was intelligently and voluntarily entered, [and] two, were the pleas made on the advice of competent counsel." Mancia , 2015 Ark. 115, at 11, 459 S.W.3d at 267.
Davis argued in his Rule 37 petition that he was arrested without a valid warrant; that he was deprived of a preliminary or omnibus hearing; that Clark County has a corrupt and crooked judicial system that framed him for these alleged crimes; that he was forced or tricked into entering this plea; and that his privately retained attorney did not represent his interests but was instead assisting the State in acquiring convictions.[1]
At the plea hearing, the trial court went over the written plea statement and the written negotiated plea agreement with Davis. Both documents were filed of record and bear the signatures of Davis and his attorney. Davis was advised by the court of the crimes with which he had been charged and the range of possible punishments for each crime. Davis affirmed that he understood that he was pleading no contest, acknowledged that he was waiving his right to a trial and to appeal, and acknowledged the possible range of sentences. Davis was asked if he had discussed this case completely with his attorney and whether he was satisfied with his attorney's services, and Davis said yes. Davis said that he had not been threatened, coerced, or pressured into entering a plea, nor had anyone promised him anything other than what his attorney had negotiated for him. Davis acknowledged that the circuit court did not have to follow the recommended sentence. When asked if he had "any doubts about your plea," Davis said no. He affirmed that he was not under the influence of any drugs or intoxicants, and he affirmed that he had a high school education and could read. The circuit court asked whether it could rely on the affidavits for arrest as the factual basis for what he did to commit the crimes, and Davis said yes. Davis's attorney recited that the agreement with the prosecutor was that Davis would be sentenced effectively to a thirty-year prison term by running the sentences concurrently, and Davis affirmed that this was what he expected.
During the plea hearing, Davis never asserted dissatisfaction or distrust regarding any acts or omissions of his privately retained attorney, and he has failed to offer anything other than bare assertions that his counsel was working *288 against him in getting him to enter a plea. In the absence of an actual conflict, a petitioner alleging that counsel's performance was deficient due to another form of conflict must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. A bare contention that counsel had a conflict of interest is insufficient to establish the existence of an actual conflict of interest, which generally requires a showing that counsel was actively representing the conflicting interests of third parties. Stover v. State , 2016 Ark. 167, 489 S.W.3d 674. Davis has failed to make such a demonstration.
Based on the transcript of the plea hearing, we hold that the circuit court did not clearly err in denying Davis's postconviction petition for relief. Davis stated that he was not forced or threatened to enter into the plea agreement; Davis expressed satisfaction with his private attorney's representation; and Davis agreed to the exact sentence that he received. Nothing in the transcript of the plea hearing demonstrates that Davis felt threatened or forced by his counsel, or any other party, to plead guilty. To the contrary, both the transcript of the plea hearing and Davis's acknowledged and signed plea statement confirm that he was not threatened or forced into pleading guilty. See Osburn v. State , 2018 Ark. App. 97, 538 S.W.3d 258. Davis failed to prove that he was deprived of a fair trial due to ineffective assistance of counsel in connection with his no contest plea. Moreover, Davis has not alleged or established that he would have insisted on going to trial but for his attorney's errors. Therefore, we hold that Davis has failed to meet the Strickland standard, and we affirm the circuit court on this point.
Davis's remaining arguments are that he was arrested without a valid warrant; that he was deprived of a preliminary or omnibus hearing; and that Clark County has a corrupt and crooked judicial system that framed him for these crimes. These claims hold no merit.
Claims of constitutional deprivation that occur prior to the entry of a guilty plea are not pertinent since the focus of inquiry in a collateral attack on a guilty plea is on the question of voluntariness of the plea as it relates to the advice rendered by counsel. Huff v. State , 289 Ark. 404, 711 S.W.2d 801 (1986). Any other defenses, except jurisdictional defects, are considered waived by the appellant. Id. Thus, additional arguments alleging prosecutorial or judicial misconduct and due-process violations are procedurally barred. See Pedraza v. State , 2016 Ark. 85, 485 S.W.3d 686 ; Jamett v. State , 2010 Ark. 28, 358 S.W.3d 874. Generally speaking, a challenge to the validity of an arrest warrant is not cognizable under Rule 37.1. Lewis v. State , 2013 Ark. 105, 2013 WL 865580. By pleading no contest to these offenses, appellant waived any claim that he was not guilty of the charges. Sherman v. State , 2014 Ark. 474, 448 S.W.3d 704.
In summary, we affirm the circuit court's order and hold that Davis is entitled to no postconviction relief.
Affirmed.
Whiteaker and Hixson, JJ., agree.

Appellant makes claims about a separate criminal case to which he pleaded no contest in the same plea hearing. That case, CR-17-46, concerned a commercial burglary and theft that occurred on a different date, April 9, 2017, at a Caddo Valley Shell Station in which $280 was stolen. Any claims and appended documents related to CR-17-46 are not properly before us in this postconviction appeal of CR-17-70.