Cite as 2020 Ark. App. 16

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-19-292

| | |
|---|---|
| RANDY JAMES MYERS | **Opinion Delivered:** January 15, 2020 |
| APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-16-959] |
| V. | |
| STATE OF ARKANSAS | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| APPELLEE | AFFIRMED |

**MEREDITH B. SWITZER, Judge**

On May 11, 2018, appellant Randy James Myers appeared before the Faulkner County Circuit Court to enter nolo contendere pleas to one count of conspiracy to commit rape and seven counts of distributing/possessing/viewing matter depicting sexually explicit conduct involving a child (child pornography). The State nolle prossed another twenty-three counts of child pornography. Myers was sentenced to thirty years on the conspiracy-to-commit-rape charge and ten years each for four of the child-pornography charges, with the sentences to run consecutively. He was sentenced to suspended impositions of sentence of ten years each on the remaining three child-pornography charges. Myers subsequently filed a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. The petition was denied without a hearing, and Myers filed his notice of appeal. We affirm.

Denials of postconviction relief are not reversed unless the circuit court's findings are clearly erroneous. *Davis v. State*, 2018 Ark. App. 540, 564 S.W.3d 283. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that the circuit court made a mistake. *Id.* When reviewing the circuit court's ruling on a Rule 37.1 petition, the appellant is limited to the scope and nature of the arguments he made below that were considered by the circuit court in making its ruling. *Id.* We do not address arguments raised for the first time on appeal, nor do we consider factual substantiation added to bolster the allegations made below. *Id.*

Myers groups his arguments into four categories on appeal.[1] First, he contends that the State failed to establish proof of the bases for filing charges—specifically the charge of conspiracy to commit rape—and argues the State failed to establish a factual basis for a plea agreement as required by Rule 24.6 of the Arkansas Rules of Criminal Procedure. However, Myers did not allege in his Rule 37 petition that the circuit court violated Rule 24.6 and therefore cannot now make that argument on appeal. *Davis*, *supra*.

Second, Myers alleges various evidentiary shortcomings, including that the State was not required to authenticate the evidence against him; that the evidence against him was retrieved from corrupt devices that showed signs of tampering or corruption; and that there was no properly authenticated evidence to corroborate the identity of the sender of a

---

[1]Any other issues raised below but not argued on appeal are considered abandoned. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143.

text message.  Myers further alleges entrapment due to evidence tampering and missing text messages.

Direct challenges to the sufficiency of the evidence are not cognizable in Rule 37.1 proceedings.  *Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1.  When a plea of guilty or nolo contendere is entered, the sole issue in postconviction proceedings is whether the plea was intelligently and voluntarily entered on advice from competent counsel.  *Bridgeman v. State*, 2017 Ark. App. 321, 525 S.W.3d 459.

Myers's third claim is that his counsel provided ineffective assistance when he entered his nolo contendere pleas.  In making a determination regarding a claim of ineffective assistance of counsel, the appellate courts consider the totality of the evidence.  *Johnson v. State*, 2018 Ark. 6, 534 S.W.3d 143.  The two-part standard adopted by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), is applied to determine whether counsel was effective when a defendant has pleaded guilty.  *True v. State*, 2017 Ark. 323, 532 S.W.3d 70.  There is no distinction between guilty pleas and pleas of no contest for purposes of Rule 37.1.  *Harris v. State*, 2017 Ark. App. 381, at 8 n.3, 526 S.W.3d 43, 49 n.3.  Under the *Strickland* test, a claimant must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced his defense to such an extent that the petitioner was deprived of a fair trial.  *Jamett v. State*, 2010 Ark. 28, 358 S.W.3d 874.  There is no reason for a court deciding an ineffective-assistance claim to address both components of the inquiry if the defendant makes an insufficient showing on one.  *True, supra.*

3

An appellant who has pleaded guilty normally will have considerable difficulty in proving any prejudice as his plea rests upon his admission in open court that he did the act with which he was charged. *Jamett, supra.* To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, an appellant who has pleaded guilty must demonstrate a reasonable probability that, but for counsel's errors, he would not have so pleaded and would have insisted on going to trial. *Jamett, supra.* Conclusory statements that counsel was ineffective cannot be the basis for postconviction relief. *Harmon v. State*, 2019 Ark. App. 492, ___ S.W.3d ___.

Myers asserts that his counsel did not ask if he was pleading nolo contendere because he was guilty of the offenses. He claims his counsel failed to properly investigate the case, and he was prejudiced by such failure by being prosecuted for charges for which the burden of proof was not met. He also contends his counsel failed to contest the evidence to support the arrest and search warrant at a motion hearing, thus resulting in false information being used to secure his arrest, obtain his statement, and seize his property. Myers further argues the plea agreement subjected him to cruel and unusual punishment. Myers's cruel-and-unusual-punishment argument was not made to the circuit court; therefore, it cannot now be addressed. *Davis, supra.*

Myers does not claim that but for his counsel's actions, he would not have entered his pleas. In fact, in exchange for his nolo contendere pleas, the State nolle prossed twenty-three additional counts of possession of child pornography. Had Myers gone to trial, not only would he have been on trial for the one count of conspiracy to commit rape and seven

4

counts of possession of child pornography to which he entered nolo contendere pleas, he would have also been subjected to prosecution for those additional twenty-three counts of possession of child pornography.  Myers has failed to demonstrate that but for his counsel's performance he would not have entered his nolo contendere pleas and would have proceeded to trial on thirty-one counts.

Myers's last claim is that the plea hearing was inadequate because the circuit court did not adhere to the requirements of Rules 24.6 and 24.4 of the Arkansas Rules of Criminal Procedure.  However, Myers asserted no violation of these rules in his Rule 37 petition, and we will not address arguments made for the first time on appeal.  *Davis*, *supra*.

Affirmed.

ABRAMSON and WHITEAKER, JJ., agree.

*Randy James Myers*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appel