Cite as 2025 Ark. App. 267

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CR-24-505

| | | |
|---|---|---|
| SANDRA MARIE ROSE | | Opinion Delivered April 30, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| V. | | [NOS. 66FCR-21-688 & 66FCR-22-233] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE R. GUNNER DELAY, JUDGE |
| | | AFFIRMED |

**ROBERT J. GLADWIN, Judge**

This is an appeal from the Sebastian County Circuit Court's denial of appellant Sandra Marie Rose's petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2024). Rose argues on appeal that the circuit court erred in denying her petition because there was insufficient evidence to support her conviction; she was denied effective assistance of counsel; she was illegally sentenced; and the State abused its discretion by admitting her prior drug convictions to enhance all charges. We affirm.

## I. *Background Facts*

On August 6, 2021, Rose was arrested for possessing over two hundred grams of methamphetamine, four ounces of marijuana, pipes, scales, and two firearms. Subsequently,

on March 5, 2022, Rose was arrested for possessing over an ounce of fentanyl, two hundred grams of methamphetamine, and four ounces of marijuana.

On November 15, 2023, Rose entered a negotiated plea of guilty as a habitual offender to simultaneous possession of drugs and firearms; felon in possession of a firearm; trafficking fentanyl; and two counts each of trafficking methamphetamine, possession of marijuana with the purpose to deliver, and maintaining a premises for drug activity. At the plea hearing, Rose acknowledged that she understood the charges; the possible penalties; the plea; and the waiver of a jury trial and related rights, such as the right to appeal. Rose also affirmatively stated that there were no threats, promises, or coercion used against her to obtain her guilty plea. Accordingly, the court accepted the State's recommended concurrent sentence of fifty years' imprisonment with an additional thirty years' suspended imposition of sentence for each Class Y felony, forty years' imprisonment for the Class B felony, and thirty years' imprisonment for each Class C felony. The sentencing order was entered on December 4, 2023.

On February 27, 2024, Rose filed a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. She asserted the following three claims of ineffective assistance of counsel: (1) defense counsel was ineffective for failing to advise her that her conduct did not meet the elements of the charges; (2) defense counsel was ineffective for failing to advise her of a more favorable plea offer, making her guilty plea uninformed; and (3) defense counsel was ineffective for coercing her into a plea by informing her of an incorrect likely outcome if she went to trial.

2

A hearing was held on the petition on June 11, 2024. Rose testified that her prior two defense counsel initially presented her with a plea offer of thirty years at 50 percent parole eligibility—which she was willing to accept; however, defense counsel Christina Scherrey testified there was no offer extended by the State that was more favorable than the one Rose accepted. Rose alleged she believed that the firearm charges and habitual-offender status would be dropped as part of the plea agreement and, moreover, that she was coerced into accepting the plea agreement because defense counsel advised that she would face four separate trials and a potentially lengthy sentence if the cases proceeded to trial. The State admitted into evidence a letter that Scherrey sent to Rose after she was assigned to her case that detailed the charges, the penalties, the State's offer as to each charge, and her professional opinion of the offer versus taking the charges to trial.

On June 20, 2024, the circuit court entered its order denying Rose's petition for postconviction relief. The circuit court held that Rose failed to meet the burden of proof required to be granted postconviction relief. Rose timely filed her notice of appeal; this appeal followed.

II. *Standard of Review*

This court does not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Reed v. State*, 2011 Ark. 115. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

The benchmark question to be resolved in judging a claim of ineffective assistance of

3

counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Norris v. State*, 2013 Ark. 205, 427 S.W.3d 626. We assess the effectiveness of counsel under a two-prong standard as set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Lowe v. State*, 2012 Ark. 185, 423 S.W.3d 6. Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that the deficient performance prejudiced the defense to the extent that the appellant was deprived of a fair trial. *Id.* A claimant must satisfy both prongs of the test, and it is unnecessary to examine both components of the inquiry if the petitioner fails to satisfy either requirement. *See Pennington v. State*, 2013 Ark. 39.

A petitioner claiming ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the petitioner by the Sixth Amendment to the United States Constitution. *Walton v. State*, 2013 Ark. 254. There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id.*

In order to meet the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Delamar v. State*, 2011 Ark. 87. A reasonable probability is a probability

sufficient to undermine confidence in the outcome of the trial. *Id.*

### III. *Points on Appeal*

Rose argues as follows: (1) there was insufficient evidence to support her conviction; (2) her sentence was illegal due to conflicting statutes, and she was subjected to double jeopardy; (3) her trial counsel was ineffective by failing to advise her properly, coerced her into a plea, and did not investigate the evidence adequately; and (4) the State abused its discretion by admitting prior drug convictions to enhance all charges.

### IV. *Discussion*

Regarding Rose's ineffective-assistance-of-counsel argument, she maintains that the circuit court erred by denying her postconviction relief because (1) her trial counsel obtained Rose's signature on the plea agreement under a false pretense that the firearm and habitual-offender charges would be dropped; (2) counsel gave erroneous advice and used coercion to induce Rose into signing the guilty plea; and (3) trial counsel did not investigate the evidence adequately. Furthermore, Rose contends that she demonstrated error so fundamental to render the judgement of conviction void. We disagree.

When a defendant pleads guilty, the only claims cognizable under Rule 37.1 are that the plea was not made voluntarily or intelligently or that it was entered without the advice of competent counsel. *E.g.*, *Nutt v. State*, 2020 Ark. App. 137, 594 S.W.3d 907. The burden is entirely on the claimant to provide facts that affirmatively support any claim of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations

will not warrant granting a Rule 37.1 petition. *E.g.*, *Winters v. State*, 2014 Ark. 399, 441 S.W.3d 22. A defendant's later belief that she made a mistake by pleading guilty is not a basis for setting aside the plea. *E.g.*, *Akin v. State*, 2011 Ark. 477. A defendant who, when pleading guilty, represents to the circuit court that she understands her rights and that there is no force or compulsion will not later be allowed to dispute those representations in postconviction proceedings. *E.g.*, *Green v. State*, 362 Ark. 459, 209 S.W.3d 339 (2005).

In making a determination of ineffective assistance of counsel, the totality of the evidence must be considered. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. Unless a petitioner makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883. Moreover, to demonstrate prejudice when an appellant pleads guilty, he or she must show there is a reasonable probability that, but for counsel's errors, he or she would not have pled and would have insisted on going to trial. *E.g.*, *Davis v. State*, 2018 Ark. App. 540, 564 S.W.3d 283.

Here, in denying her petition, the circuit court held that when Rose pleaded guilty, she admitted she understood each of the charges against her as well as the possible penalties and, furthermore, acknowledged her status as a habitual offender. The court also noted that the plea document signed by Rose clearly listed the same. Moreover, the court held that the transcript of Rose's plea reflected significant discussion about the facts of each of the charges against Rose and her status as a habitual offender. Rose never objected to anything said during the proceeding. When asked by the circuit court whether there had been any "force,

threats, or coercion of any kind used against [her] to get [her] to enter this plea," Rose answered, "No, sir." Regarding Rose's assertion that her counsel was ineffective for advising her that rejection of the plea would result in multiple trials—the outcome of which would likely be detrimental to Rose—the circuit court held it was not ineffective assistance to warn a client about possible consequences and offer his or her best judgment regarding the prospects of trial and the relative advantages of a plea agreement.

Having reviewed the transcript of the plea hearing, we hold that the circuit court did not clearly err in denying Rose's postconviction petition for relief. Rose stated that no one forced or threatened her to enter into the plea agreement and expressly agreed to the exact sentence that she received. Nothing in the transcript of the plea hearing demonstrates that Rose felt threatened or forced by counsel, or any other party, to plead guilty or that she did not understand her plea. To the contrary, both the transcript of the plea hearing and Rose's acknowledged and signed plea statement confirm that she was not forced into pleading guilty and that she fully understood the charges and the agreement. At the plea hearing, the circuit court said, "[T]ell me what that agreement is," and Rose responded that it was fifty years with thirty years suspended. Accordingly, Rose failed to prove that she was deprived of a fair trial due to ineffective assistance of counsel in connection with her guilty plea. Furthermore, she has not established that she would have insisted on going to trial but for her attorney's errors. Therefore, we hold that Rose has failed to meet the *Strickland* standard, and we affirm the circuit court's order on this point.

Next, Rose argues that her sentence was illegal because of conflicting statutes concerning imposition of enhanced sentences under the firearm-enhancement statutes and because she received "multiple punishments for the same offense" in violation of the double-jeopardy clause. Rose's double-jeopardy challenge related to her sentencing is not preserved; thus, we do not reach its merits on appeal. *See Dirickson v. State*, 2021 Ark. 36, 617 S.W.3d 712.

Finally, Rose contends there was insufficient evidence to support her conviction and that the State abused its discretion by admitting her prior drug convictions and an amended plea statement. Neither of these arguments are cognizable in postconviction proceedings. *See Engstrom v. State*, 2016 Ark. 45, 481 S.W.3d 435. Accordingly, we cannot address them on appeal.

## V. *Conclusion*

For the above-stated reasons, we hold that the circuit court's denial of Rose's petition for postconviction relief was not clearly erroneous and affirm the convictions.

Affirmed.

THYER and WOOD, JJ., agree.

*Sandra Marie Rose*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.