THE VACCINOL PRODUCTS CORPORATION *v.* STATE, USE PHILLIPS COUNTY.

4-6229 148 S. W. 2d 1069

Opinion delivered March 3, 1941.

*W. G. Dinning,* for appellant.

*John L. Anderson* and *Douglas S. Heslep,* for appellee.

GRIFFIN SMITH, C. J. Judgment for $1,000 in favor of the state for use of Phillips county was sought in a complaint filed by the prosecuting attorney April 5, 1940. May 29, by amendment, the amount asked was increased by $2,000. The day the amendment was filed, default judgment for $3,000 was rendered. The charge

was that Vaccinol Products Corporation,[1] domiciled in Tennessee, had done business in Arkansas without complying with §§ 2247, 2248, 2249, and 2250, of Pope's Digest.[2]

[1] The corporation manufactures chemicals used for wood preservation and termite extermination.

[2] A note explanatory of § 2249 of Pope's Digest is: "It may be questioned whether this section is not repealed by § *2247, supra*."

*Western Union Telegraph Company* v. *State*, 82 Ark. 302, 101 S. W. 745, refers to the statute of 1887 dealing with foreign corporations. (Act 135, approved April 4, 1887.) Act 19, approved February 16, 1899 (p. 18) is commented upon. Section 20 of act 19, as amended by act 163, approved May 8, 1899, (p. 305), is copied in the opinion. An act of 1901 (No. 216, approved May 23, 1901, p. 386) is referred to. It is entitled: "An act to regulate foreign corporations other than railway, express, telegraph, palace car and insurance corporations."

The opinion in the Western Union Telegraph Company Case states that the controlling question is whether § 2 of "the act of 1899 is impliedly repealed" by the act of 1901 on the same subject. There is this language: "The fact that the later act fails to contain a provision covering the subject embraced in the first section of the act of 1899 with reference to the corporation filing a certificate designating an agent does not affect the question of repeal of § 2 of the act. Section 1 imposes, for a wholly different purpose, an entirely different requirement on the corporation, and we do not hold that that section was repealed. It is not necessary to so hold in order to apply to § 2 the doctrine of implied repeal or repeal by substitution." Effect of the opinion is to hold that § 2 was repealed.

In *The J. R. Watkins Medical Co.* v. *Martin*, 132 Ark. 108, 200 S. W. 283, 2 A. L. R. 1230, it is said: "We have decided, however, in the case of *Western Union Telegraph Company* v. *State*, 82 Ark. 302, 101 S. W. 745, that the act of 1899, regulating the doing of business by foreign corporations in this state, has been repealed by the act of April 23, 1901, (Acts of 1901, page 386), which contains no express provision as to how the authority of a corporation to do business should be certified."

It was then stated that the law stood in that condition until 1907.

Under the title "Rights and Liabilities—Exemptions," § 2249 of Pope's Digest, perpetuated § 2 of the act of February 16, 1899, "as amended by act May 8, 1899," with the notation, as heretofore stated, that it may have been repealed by § 2247. [See comment in body of the opinion on § 2248.]

Section 2247, however, is a part of act 313, approved May 13, 1907. The text in the Digest (§ 2249) is copied from § 1 of act of May 8, 1899, p. 305. The opinion in the Watkins Medical Company Case states that repeal of the act of 1899 was by "Act of April 23, 1901, p. 386." The act appearing at page 386 was approved May 23, 1901, instead of April 23.

The conclusion is that what appears as § 2249 of Pope's Digest was repealed in 1901, but that some of the subject-matter has been superseded by act 313, approved May 13, 1907, as amended by act 687, approved April 5, 1919, p. 474. Pope's Digest, § 2247.

Section 2250 of Pope's Digest, which provides for service of summons upon the auditor of state, is act 215, approved March 23,

It was further alleged that the defendant corporation had failed to qualify under the provisions of § 2251 of Pope's Digest.[3]

August 16, 1940, the sheriff of Phillips county executed an order of general attachment by taking possession of "one Ford pick-up truck, Tennessee license No. 2-P-3322, and two tanks and equipment [and by] summoning H. A. Hamm."

August 30 appellant entered its special appearance and moved to quash the summons. It had been served on C. R. Mosely in Craighead county. There was a prayer that the judgment be set aside.

Appellant admitted its status as a non-resident corporation; admitted it had not complied with the laws of Arkansas which define the conditions upon which it might do business, and denied that it had transacted any business in the state. There was denial that it had appointed an agent for service or that it had at any time had an agent in the state. It asserted that its first information in respect of the proceeding came when the writ of attachment was served.

Although testimony was heard September 7, the court's ruling was that it was without power to set the judgment aside because the term had expired. Appellant appealed on the record. Appellee, by certiorari, brought up for review the testimony heard September 7, a transcript of such having been filed with the circuit clerk November 22.

Although the judgment recites that the defendant was duly served with summons more than twenty days prior to May 29, the fact is admitted, and the sheriff's return shows, that the so-called service was by summons served on Mosely. Summons was not sent to the auditor of state. But, it is contended, this was not nec-

---

1927. It amended § 1830 of Crawford & Moses' Digest, which was act 23, approved February 26, 1901, p. 52.

Section 2248 of Pope's Digest is shown to be "Act May 13, 1917, p. 744." This is a mistake. It is taken from act 313, approved May 13, 1907, instead of 1917. The same error appears in Crawford & Moses' Digest, p. 644, § 1827.

[3] Act 687, approved April 5, 1919, amends § 2 of act 313 of the Acts of 1907, and appears as § 2251 of Pope's Digest.

essary because § 2250 only requires that the auditor be served when the foreign corporation has not designated a state agent for service, ''or has no agent within this state upon whom service of process may be had so as to authorize a personal judgment.''

The judgment does not recite that proof was taken, or that Mosely was the agent upon whom summons was served. Neither the original complaint nor the amendment was verified; but verification is not required of the state.[4]

If the court was not in session September 7, authority to hear witnesses and to make their testimony a part of the record in the original proceeding was lacking unless the terms of act 201, approved March 5, 1937,[5] had been complied with in respect of notice, or the notice had been waived. Neither is disclosed by the abstracts.

In *Hudson* v. *Breeding,* 7 Ark. (2 Eng.) 445, it was held that nothing will be presumed in favor of a judgment by default; that the record must show affirmatively the proceeding is according to law.

Tested by this rule, were the proceedings of May 29 according to law? The return of W. T. Lane, sheriff of Craighead county, is: ''I have this 29th day of April, 1940, duly served the within by delivering a true copy of the same to the within-named The Vaccinol Products Corporation, C. R. Mosely, as therein commanded.'' But who *is* C. R. Mosely?

The first charge is that appellant violated the provisions of § 2247 of Pope's Digest.[6] This would involve failure to file in the office of the secretary of state a copy of its charter or articles of incorporation or association, or a copy of its certificate of incorporation, together with a statement of its assets and liabilities and the amount of its capital employed in this state, the designation of its general office or place of business within the

---

[4] Pope's Digest, § 11983. *Wimberly* v. *State,* 90 Ark. 514, 119 S. W. 668.

[5] Pope's Digest, § 2848.

[6] Act 39, approved February 6, 1939, provided that certain fees should be charged foreign corporations doing an intrastate business. It was repealed by act 187, approved March 9, 1939. The latter act fixed fees.

state, and the name of an agent upon whom process might be served.

It is then charged that the corporation violated § 2248 of Pope's Digest by not filing with the secretary of state a resolution adopted by its board of directors, consenting that service of process upon any agent of such company in this state, or upon the secretary of state, shall be a valid service upon the corporation. (The section makes it the duty of the secretary of state, if process is served upon him, to mail it at once to the corporation's principal office.) But the requirement that the secretary of state be constituted an agent for service was superseded by act 215, approved March 23, 1927, for in the 1927 enactment the auditor of state is designated and there is no provision that the secretary of state may *also* be served.

The third allegation is that § 2249 of Pope's Digest was violated; yet, as we have seen, that section has been repealed.

Next it is alleged that § 2250 has been violated and that penalties under § 2251 are payable because "if such foreign corporation has not designated an agent in this state upon whom process may be served, or has no agent within this state upon whom service of process may be had so as to authorize a personal judgment, service of summons or other process may be had upon the auditor of state."

Finally it is charged that § 2251 has been violated. Specifically, the complaint states that the defendant is a foreign corporation not qualified to do business in the state, and that during 1939 it did certain extermination work in Phillips county, etc. In spite of the fact that statutes have been repealed and amended, we think the complaint stated a cause of action.

Effect of the allegations is to say that the corporation is doing business in Arkansas without having designated an agent. There is no allegation that Mosely is its agent, nor does the sheriff's return shed any light on the status of Mosely. The sheriff's mere attestation that summons was served on the corporation by deliver-

ing a copy to Mosely does not create a presumption that Mosely was the corporation's agent.

It is our view that the service (not having been had on the auditor of state) was deficient in that it failed to show that Mosely was an agent. Allegations in the complaint are subject to the construction that the corporation had no agent in Arkansas. If Mosely was in charge of a place of business operated by the defendant, this fact should have been shown affirmatively in order to overcome inferences to be drawn from the complaint that one of the duties violated was failure to designate an agent.

Since the cause is being remanded it is not inappropriate to mention a peculiarity of the penal statute. In *Western Union Telegraph Company* v. *State* [7] the statute held to be constitutional provided a fine of "not less than $1,000." The court held that failure of the general assembly to fix a maximum was not fatal to the penalty. A summation of various court decisions is found in Ruling Case Law, v. 21, § 11 of Penalties, where it is said: "A statute fixing only the minimum penalty is not invalid. The bare possibility that a jury might inflict an excess penalty does not render such an act invalid, for if such an excess penalty were imposed the wrong or vice would lie in the verdict and it would be within the province of the court to set the verdict aside. The question as to an excess penalty is a judicial one and does not affect the validity of the statute. . . . Where a statute fixes only the minimum penalty the court or jury has power to assess a penalty in excess of the minimum prescribed by the statute. There seems to be no uniformity of practice in the different states with respect to the proper functions of the court and jury in fixing the amount of a penalty. In those jurisdictions where an action to recover a penalty is a civil action in debt the rule is that the jury may fix the amount. The fixing of the precise legal penalty to be imposed must be essentially either a legislative function,

---

[7] 82 Ark. 309, at page 319; 101 S. W. 748. [Note—This case is not to be confused with the case similarly styled reported at page 302 of the 82d Arkansas Report.]

in which only general considerations can have weight, or a judicial function, in which general considerations may be modified by special circumstances.''

The judgment is reversed, and the cause is remanded.