The Vaccinol Products Corporation *v.* State, use
Phillips County.

4-6526                                                    156 S. W. 2d 250

Opinion delivered December 8, 1941.

*Dinning & Dinning,* for appellant.

*John L. Anderson* and *Douglas S. Heslep,* for appellee.

HOLT, J. On May 1, 1940, appellee, state of Arkansas, for the use and Benefit of Phillips county, sued appellant to recover the statutory penalty provided in § 2251 of Pope's Digest. The complaint charged that appellant was a foreign corporation not authorized to do business in Arkansas; that in 1939, it had done certain termite extermination work in Phillips county, Arkansas, without first complying with §§ 2247-2250, inclusive, of Pope's

Digest. May 29, 1940, judgment was entered against appellant in the sum of $3,000. August 16, following the filing of the complaint, a truck belonging to appellant was attached. August 30, 1940, appellant filed motion to quash service of summons and set aside the judgment.

Upon the denial of this motion, appellant appealed to this court and in an opinion appearing in 201 Ark. 1066, 148 S. W. 2d 1069, *The Vaccinol Products Corp. v. State, Use Phillips County,* the judgment was reversed for defective service and the cause remanded. Following the remand of the cause, service was had on the Auditor of State on April 10, 1941, and appellant's truck was again attached. Appellant then filed motions to quash the attachment and the service of summons, which motions were denied.

On April 28, 1941, appellant answered admitting that it is a corporation, organized and operating under the laws of the State of Tennessee, and alleged that it entered its appearance solely for the purpose of its motion to quash "the service of summons attempted to be had upon it," and refused to enter its general appearance for any other purpose. With these reservations it denied that it had been properly served with summons and denied that at the time of the attempted service of summons on it, or at any other time, it was engaged in business in the state of Arkansas in contemplation of the sections of the statute set out in the complaint. It alleged that § 2250 of Pope's Digest is unconstitutional and void.

Thereafter, by agreement of counsel, the cause was submitted to the court, sitting as a jury, and judgment was rendered in favor of appellee in the amount of $1,000. This appeal followed.

For reversal appellant urges that the trial court erred in denying its motion to quash the attachment issued after the remand of the case, for the reason that the state, at the time of the attachment, failed to make the affidavit and execute a bond under the provision of § 532 of Pope's Digest. We think this contention is untenable for the reason that we are dealing here with an action brought in the name of the state of Arkansas, for

the Use and Benefit of Phillips County. The state is not required to give bond or security for costs in any case nor is it required to verify its pleadings. The following sections of Pope's Digest provide:

"Section 11982. The state shall not be required or ruled to give security for costs in any case.

"Section 11983. It shall not be requisite for the state, or any officer thereof, to swear to any petition, bill, answer or proceeding in chancery, or to any application, pleading or proceeding at law, and such bills, petitions, answers, applications, pleadings or proceedings shall have the like effect as if the same were duly verified by affidavit, as in the case of private persons."

Appellant next contends that § 2250, *supra*, is unconstitutional and void, and in support of this contention cites *Cella Commission Company* v. *Bohlinger*, 147 Fed. 419, 78 C. C. A. 467, 8 L. R. A., N. S., 537. The Bohlinger case, however, was decided prior to the enactment of act 215 of 1927, which amended § 1830 of C. & M.'s Digest, and dealt with the law (§ 1830, C. & M.'s Digest) as it then existed. Following the Bohlinger decision, as indicated, the legislature amended § 1830, C. &. M.'s Digest, by adding thereto the following: "It shall be the duty of the Auditor of State, immediately upon receiving any such summons or other process, to transmit the same to the foreign corporation so sued, by registered mail, at its home office or other place where service of process upon such foreign corporation may be had."

In the instant case it is conceded that appellant is a foreign corporation, has designated no agent for service in this state, and has made no attempt to qualify under the statutes, *supra,* in order to do business in Arkansas.

Upon the remand of this case on the former appeal, service was had upon the Auditor of State in accordance with § 2250, and it is our view that such service is good. On the former appeal, where we held the service defective, service had been obtained on C. R. Mosely as the alleged agent of appellant in this state. While we did not directly pass upon the constitutionality of § 2250 in the opinion

on the former appeal, the effect of our holding was to uphold its constitutionality. In that opinion we said: "It is our view that the service (not having been had on the Auditor of State) was deficient in that it failed to show that Mosely was an agent."

It is next contended by appellant that it was not doing business in the state of Arkansas in contemplation of the statutes, *supra,* either in 1939 when the complaint was filed or after remand of the cause when summons was issued on April 9, 1941, and later served on the Auditor of State. It is our view, however, that there is ample testimony in the record of a substantial nature to sustain the court's finding that appellant was doing business in the state within the meaning of the sections of the statutes, *supra.* The record reflects that on April 5, 1939, appellant entered into the following contract with F. F. Kitchens of Helena, Arkansas:

"Policy: No. 7596C. Amount: $110.81. Date: April 5, 1939. The Vaccinol Product Corporation, Memphis, Tennessee. Termite Extermination Policy. This contract, made this 5th day of April, 1939, by and between The Vaccinol Product Corporation, Incorporated, of Memphis, Tennessee, and F. F. Kitchens at Helena, State of Arkansas, covering property located at 620 Franklin Street, Helena, Arkansas.

"Witnesseth: That in consideration of the sum of one hundred ten and 81/100 dollars to be paid to the corporation, or its authorized agent, by the said owner on the completion of the work herein specified, said corporation through its authorized agent, agrees to treat with Vaccinol, the building, or parts thereof, as specified, for the purpose of exterminating Termites or White Ants.

"Guarantee: The Vaccinol Product Corporation guarantees unto said owner of the building so treated with Vaccinol that if at any time within five (5) years from date hereof, any infestation by termites, or white ants, should re-appear in any of the parts treated, then Vaccinol will be applied to said parts free of cost to owner; and if termites or white ants re-appear in any of the parts so treated with Vaccinol within five (5) years

from date hereof and damage any treated timbers so badly that it becomes necessary to replace them then said corporation will replace, or cause to be replaced, such damaged timber free of cost to owner.

"The building to be treated under this contract is specified and described in the inspection report attached hereto and signed by said parties, and made part of this contract. Said premises will be inspected free of charge.

"Signed: The Vaccinol Corp. by C. R. Mosley, Authorized Representative by Marie Jackson. F. F. Kitchens, Owner. Approved: The Vaccinol Product Corporation by E. M. Reynolds, President."

Shown on back of policy: "There are no conditions in this policy other than the ones set forth in the face thereof. Neither The Vaccinol Product Corporation nor its authorized representative will make any claims favorable to themselves or seek to justify their work or fail to return as herein provided, except upon failure on the part of the owner to comply with his part of the agreement. The Vaccinol Product Corporation, 202-4 Randolph Building, Memphis, Tennessee. Certificate for Termite Extermination Effective Five Years from date."

Under the plain provisions of this instrument appellant, acting through its designated, "authorized agent," C. R. Mosely, treated Mr. Kitchens' building in Helena, Arkansas, for termites for a consideration of $110.81, which amount was paid to appellant's agent, Mosely, and guaranteed this work for a period of five years from April 5, 1939. The contract shows on its face that it was approved by the president of the appellant corporation. No fraud or deception is claimed by appellant in the execution or procurement of this contract, its only claim being that the form of contract used was intended to be used in the State of Tennessee and not in the State of Arkansas. Such a claim, if true, would not be sufficient to set aside its plain terms.

Appellant finally contends that it was not doing business in Arkansas on April 9, 1941, when summons was issued. We think this contention is untenable for the reason that the guarantee provided in the contract,

*supra,* continues over a period of five years from April 5, 1939. The complaint upon which this cause of action was based is the original complaint filed May 1, 1940, and no statutory limitation as a bar is claimed.

On the whole case, finding no error, the judgment is affirmed.