PUBLIC LOAN CORPORATION *v.* STANBERRY.

5-476                                   272 S. W. 2d 694

Opinion delivered November 22, 1954.

*Wade & McAllister*, for appellant.

*Peter G. Estes*, for appellee.

Ed. F. McFaddin, Justice. This is a suit instituted by appellees (Stanberry and wife) to cancel—on the grounds of usury—a note and mortgage they executed to appellant, Public Loan Corporation. The complaint filed January 21, 1953, alleged:

"Plaintiffs further state that on the 26th day of June, 1952, the plaintiffs negotiated for and received a loan from the defendant corporation in the principal sum of $300.00 evidenced by a promissory note of that date which they executed in favor of said defendant, together with a chattel mortgage on their household furniture, and that the defendant corporation in making the loan required that said $300.00 be paid in eighteen equal monthly installments of $22.25, making a total of $400.50 which was to be paid by the plaintiffs over the 18-month period."

The defenses offered below and urged here for reversal are:

(1) The corporation holding the note was and is a foreign corporation without agent in Arkansas upon whom process could be served.

(2) The loan was consummated in Louisiana and valid under the laws of that State.

(3) The decree rendered is void because the wrong corporation was sued.

The evidence is in hopeless conflict. Stanberry and his wife testified that on June 26, 1952, they went to a place of business on Block Street, in Fayetteville, Arkansas, at which there was a sign which read: "Public Loan Corporation." They had previously borrowed

$125.00 at the same place; and Stanberry testified that on June 26th, Mr. Al Smith was in charge at the place of business on Block Street and made the loan. The Stanberrys testified that they signed the note and mortgage here involved, and also other papers, and "in a second" Mr. Smith delivered to them a check for $270.00 as proceeds of the loan. The Stanberrys emphasized that there was no delay, and that the entire transaction —from the application for the loan until the delivery of the check—was consummated in a matter of minutes.

A photostatic copy of the loan statement given the Stanberrys was introduced in evidence. . It reflects that the Stanberrys borrowed $300.00 on June 26, 1952, from "Public Loan Corporation, 111 North Second Street, Monroe, Louisiana"; and that the agreed rate of interest was:

"3½% a month on that part of the unpaid principal balance of any loan not in excess of $150, and 2½% a month on any remainder of such unpaid principal balance."

The loan statement quotes what purports to be Sec. 12 of the Louisiana Small Loans Law. Under this statement the Stanberrys were required to pay $22.23 per month for eighteen months. This would be a total of $400.14 for a $300.00 loan; and is clearly usurious under the Arkansas law. See Art. 19, § 13 of the Arkansas Constitution; and see, also, *Strickler* v. *State Auto Finance Co.*, 220 Ark. 565, 249 S. W. 2d 307; and *Winston* v. *Personal Finance Co. of Pine Bluff*, 220 Ark. 580, 249 S. W. 2d 315.

The defendant's witness, Mr. Al Smith, testified that there were at least three loan companies doing business at the same place on Block Street in Fayetteville, being Public Loan Corporation (an Arkansas corporation); Public Loan Corporation of Fayetteville; and Public Finance Corporation (State of incorporation not given). Mr. Smith testified that in June, 1952, the Stanberrys owed Public Loan Corporation of Fayetteville a balance of $372.00; that this was re-financed by two

loans, being one for $125.00 with Public Loan Corporation (an Arkansas corporation); and the other for $300.00 from Public Loan Corporation (an Ohio corporation doing business at Monroe, Louisiana), and being the appellant in this case. Mr. Smith testified that the Stanberrys received from the re-financing transaction in June, 1952, only the sum of $88.65, rather than the $270.00, as stated by the Stanberrys. Mr. Smith also testified that the $300.00 loan application, and the papers here involved, were signed by the Stanberrys in Fayetteville, but were forwarded by him to Monroe, Louisiana, for acceptance or rejection; and that the $300.00 note here involved was a transaction consummated in Louisiana under the Louisiana Small Loans Act.

Thus the Chancery Court was confronted with the problem of deciding which version of the facts to adopt: *i.e.*, the plaintiffs', who testified to a completed loan of $300.00 on June 26, 1952, in Fayetteville, Arkansas; or the defendant's, whose witness, Smith, testified to a re-financing arrangement finally consummated in Louisiana. And on the conflicting evidence, the Chancellor—who heard all the testimony *ore tenus* and saw the witnesses—decided for the plaintiffs. The decree recites:

"That the defendant is a corporation organized under the laws of Ohio and is not authorized to do business in the State of Arkansas.

"The Court further finds that the defendant made a loan to the plaintiffs in the sum of $300.00 on June 26, 1952, evidenced by a promissory note secured by a chattel mortgage, and that the interest charged in said note is usurious and by reason thereof said note and chattel mortgage securing same should be declared void."

A careful study of the case and a reading of the entire record fail to convince us that the Chancellor's findings are against the preponderance of the evidence. So we affirm the decree on the factual issues; and with the facts settled, the law is clear.

We have a foreign corporation—Public Loan Corporation, an Ohio corporation—with a place of business

in Monroe, Louisiana, but undomesticated in Arkansas.[1] Mr. Al Smith at the Public Loan Corporation office on Block Street in Fayetteville, Arkansas, as the agent of this undomesticated corporation, made and consummated the $300.00 loan to the Stanberrys by having the papers signed in Arkansas and the money paid in Arkansas in a matter of seconds. This clearly constitutes the doing of business in Arkansas by an undomesticated foreign corporation. See *Clark* v. *J. R. Watkins Co.*, 115 Ark. 166, 171 S. W. 136; *Dean* v. *Caldwell*, 141 Ark. 38, 216 S. W. 31; *The Vaccinol Products Co.* v. *State*, 203 Ark. 302, 156 S. W. 2d 250; and *Chapman Chem. Co.* v. *Taylor*, 215 Ark. 630, 222 S. W. 2d 820. The facts here —as regard *intra-state* transactions—are entirely different from the facts held to be *interstate* commerce in such cases as: *Scruggs* v. *Scottish Mtg. Co.*, 54 Ark. 566, 16 S. W. 563; *Davis & Worrell* v. *General Motors Acc. Corp.*, 153 Ark. 626, 241 S. W. 44; *Linograph Co.* v. *Logan*, 175 Ark. 194, 299 S. W. 609; and *Security Trust Co.* v. *Martin*, 178 Ark. 518, 12 S. W. 2d 870.

Mr. Al Smith, the one transacting such business for such foreign corporation, as such agent, was properly served with process under § 27-347 and § 27-350, Ark. Stats.; and the Ohio corporation, the admitted payee of the $300.00 note, was properly in court on a transaction consummated in Arkansas and clearly usurious under the Arkansas law.

Such result makes it entirely unnecessary for us either (a) to consider whether the various corporations[2]

---

[1] That the Ohio corporation is undomesticated in Arkansas was abundantly shown, if not conceded.

[2] It was admitted by Mr. Al Smith that three such corporations used the same office in Fayetteville, being Public Loan Corporation of Fayetteville; Public Loan Corporation (an Arkansas corporation); and Public Finance Corporation (State of incorporation not given). In addition to these, there is the appellant in this case, being Public Loan Corporation, an Ohio corporation doing business in Monroe, Louisiana. We take judicial notice of the public records required to be kept. See *State, ex rel. Attorney General* v. *State Board of Education*, 195 Ark. 222, 112 S. W. 2d 18; and *Kelley* v. *Carter*, 216 Ark. 491, 226 S. W. 2d 53. Such records in the office of the Secretary of State disclose the following:

    (a) Public Finance Company is a California corporation, domesticated in Arkansas on August 20, 1952;

were used as a cloak for usury; or (b) to consider the similarity of this case to that of *Public Loan Corporation* v. *Weaver,* 223 Ark. 902, 270 S. W. 2d 888.

Affirmed.

---

(b) Public Finance Corporation is an Arkansas corporation, chartered April 27, 1951;
(c) Public Loan Corporation is an Arkansas corporation, chartered March 9, 1951;
(d) Public Loan Corporation of Fayetteville is an Arkansas corporation, chartered April 3, 1951;
(e) Public Loan Corporation of Little Rock is an Arkansas corporation, chartered April 3, 1951;
(f) Public Loan Corporation of Pine Bluff is an Arkansas corporation, chartered April 3, 1951; and
(g) Public Loan Corporation of Texarkana is an Arkansas corporation, chartered April 3, 1951, with name changed on November 1, 1954, to "Public Loan Corporation of Ninth Street."