BART F. VIRDEN, Judge
James Ernest Duff appeals pro se from the Miller County Circuit Court decision denying his petition for Rule 37 postconviction relief. On appeal, he argues that the circuit court lacked subject-matter jurisdiction over his criminal trial, that the circuit court erred in denying his request for a hearing, and that counsel was ineffective. We affirm.
I. Relevant Facts
Duff was convicted by a Miller County Circuit Court jury of being a felon in possession of a firearm. Our court affirmed his conviction on direct appeal. Duff v. State , 2018 Ark. App. 112, 540 S.W.3d 738.
*525 In his criminal appeal, Duff argued that the circuit court erred by overruling his chain-of-custody objection regarding the firearm offered at his trial as evidence of the charge of felon in possession of a firearm. Duff admitted being a felon. The firearm was not in its original evidentiary packaging; however, the serial number on the gun presented to the jury at his trial was the same as the serial number of the gun taken from his car on his arrest. Our court held that the circuit court did not abuse its discretion in overruling his objection and affirmed Duff's conviction. Id. at 4, 540 S.W.3d at 741. In his appeal, we also affirmed the circuit court's determination that there was probable cause for the traffic stop that led to Duff's arrest. Id. at 6, 540 S.W.3d at 742. The mandate was issued on March 6, 2018.
On May 7, 2018, Duff timely filed a petition for Rule 37 relief for ineffective assistance of counsel, and he requested a hearing and that he be provided a "complete record." In his petition, Duff argued that the circuit court lacked subject-matter jurisdiction because there was no evidence offered at his trial that the charged crime had been committed. Duff also claimed that counsel was ineffective because of an "actual conflict" that existed between him and his attorneys; specifically, Duff argued that his first attorney, David Anderson, supplied the prosecution with privileged information and that he forged Duff's signature on a request for a continuance. Duff asserted that subsequent counsel, Jason Mitchell, failed to inform the court of Anderson's misconduct. Mitchell then "silenced" Duff "via order by the court." Duff claimed that he was denied "counsel of his choice" and that the conflict between him and his appointed counsel was serious enough to constitute ineffective assistance of counsel.
On May 11, 2018, the circuit court denied Duff's Rule 37 petition without a hearing. In the order, the court found that it had subject-matter jurisdiction over the case because Duff was a defendant in the Miller County Circuit Court for alleged offenses committed in Miller County. Furthermore, the court noted that Duff's allegation that no firearm was produced for his trial was incorrect and that Duff had merely reiterated his argument regarding the sufficiency of the evidence against him. The circuit court found that "nothing about the firearm or its admissibility at trial touches on his trial counsel to be ineffective." The circuit court found that Duff's claims of ineffective assistance of counsel were also without merit. The circuit court stated that it would address only Duff's claims against his trial counsel, Jason Mitchell, because Anderson had been relieved as counsel before the trial. The court noted that Mitchell was able to obtain a not-guilty verdict on one charge against Duff and that another charge was nolle prossed. The court found that Mitchell had been very effective as trial counsel and that counsel met all constitutional standards.
Regarding Duff's request for a transcript and for the "complete record," the circuit court found that Duff already possessed what he requested and that a complete record was already available to him. The court denied Duff's request for an evidentiary hearing, finding that Duff had not raised any issue of fact requiring further determination by the court. Duff filed a timely notice of appeal.
II. Analysis
On appeal, Duff argues that the circuit court lacked subject-matter jurisdiction over his trial, that the circuit court erred by denying his request for a hearing, that the circuit court failed to make written *526 findings, and that counsel was ineffective due to a conflict with Duff. We disagree and affirm.
We do not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. Johnson v. State , 2018 Ark. 6, at 2, 534 S.W.3d 143, 146. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that the circuit court made a mistake. Id.
When considering an appeal from a circuit court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the circuit court clearly erred in holding that counsel's performance was not ineffective. Taylor v. State , 2013 Ark. 146, at 5, 427 S.W.3d 29, 32. Under Strickland , the effectiveness of counsel is assessed by a two-prong standard. First, Duff must show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the petitioner by the Sixth Amendment to the United States Constitution. Williams v. State , 369 Ark. 104, 108, 251 S.W.3d 290, 292-93 (2007). In order to demonstrate counsel error, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. Abernathy v. State , 2012 Ark. 59, at 4, 386 S.W.3d 477, 481 (per curiam). Furthermore, there is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and a petitioner has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. Bryant v. State , 2013 Ark. 305, at 2, 429 S.W.3d 193, 196 (per curiam).
The second prong of our analysis requires a petitioner to show that counsel's deficient performance so prejudiced the defense that the petitioner was deprived of a fair trial. Holloway v. State , 2013 Ark. 140, at 5, 426 S.W.3d 462, 467. Consequently, Duff must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. Breeden v. State , 2014 Ark. 159, at 2, 432 S.W.3d 618, 622 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Id. Conclusory allegations unsupported by facts and that provide no showing of prejudice are insufficient to warrant Rule 37 relief. Nelson v. State , 344 Ark. 407, 413, 39 S.W.3d 791, 795 (2001) (per curiam).
Duff's first argument regarding the circuit court's subject-matter jurisdiction over his criminal trial is difficult to follow at times. Generally, he argues that the chain of custody was broken such that the firearm produced at his trial was not reliable evidence. Although Duff characterizes his argument regarding the evidence against him at his trial as a jurisdictional challenge, it is actually a direct challenge to the sufficiency of the evidence and is not cognizable in Rule 37.1 proceedings. See Sanford v. State , 342 Ark. 22, 25 S.W.3d 414 (2000) (citing O'Rourke v. State , 298 Ark. 144, 765 S.W.2d 916 (1989) (per curiam) ). The circuit court did not err in refusing to grant Duff's Rule 37 petition on this basis, and on this point we affirm.
Duff asserts that the circuit court erroneously denied his request for a hearing *527 and that the circuit court failed to make the required written findings. He is incorrect.
Rule 37.3 provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. Sanders v. State , 352 Ark. 16, 98 S.W.3d 35 (2003). When the circuit court concludes, without a hearing, that the petitioner is not entitled to relief, Rule 37.3(a) requires the circuit court to make written findings specifying the parts of the record that form the basis of the circuit court's decision. Id. If the circuit court fails to make such findings, it is reversible error, unless the record before this court conclusively shows that the petition is without merit. Id. It is not incumbent on this court to scour the record to affirm. Turner v. State , 2016 Ark. 96, 486 S.W.3d 757.
The circuit court's order denying postconviction relief complies with the requirements of Rule 37.3. In the order, the circuit court found that Duff failed to state facts to support his claim that counsel was ineffective, and it noted that Mitchell had assisted Duff in acquittal on one charge and a nolle prose on another charge. The court found that Duff's own actions during counsel's representation of him were the source of the conflict to which Duff referred in his petition. Though the circuit court did not specify the parts of the record supporting its conclusion, the record conclusively shows that Duff's petition is without merit. See Sanders, supra.
As for Duff's ineffective-assistance claims, Duff presented no factual basis for his conclusory statement that his attorneys were "loyal only to the State." Moreover, the record supports the circuit court's finding that Duff was well represented by his trial counsel-Mitchell obtained a not-guilty verdict on one charge, and another charge was nolle prossed. The only charge of which Duff was convicted was proved by overwhelming evidence. Despite Duff's claims to the contrary, nothing in the record supports Duff's bald assertion that a conflict existed between him and his attorneys.
Affirmed.
Klappenbach and Whiteaker, JJ., agree.