Cite as 2020 Ark. App. 243

# ARKANSAS COURT OF APPEALS

## DIVISION III

**No.** CR-19-617

| | |
|---|---|
| JOSEPH THOMAS LACEFIELD<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** April 15, 2020<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NOS. 04CR-14-821; 04CR-14-1460; 04CR-15-69]<br><br>HONORABLE ROBIN F. GREEN, JUDGE<br><br>REBRIEFING ORDERED |

**WAYMOND M. BROWN, Judge**

Appellant Joseph Thomas Lacefield appeals the order of the Benton County Circuit Court denying his petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2019). Appellant raises seven points on appeal; however, because appellant has submitted a brief without a proper abstract, we order rebriefing.

As an initial matter, we recognize that appellant's appeal stems from the denial of his petition for postconviction relief. Arkansas Supreme Court Rule 4-7 governs briefs in postconviction and certain civil appeals in which the appellant is incarcerated and proceeding pro se. However, because appellant is represented by counsel in this postconviction appeal, his appellate brief must meet the requirements of Rule 4-2.

Arkansas Supreme Court Rule 4-2(a)(5)(B) (2019) provides, in pertinent part:

The question-and-answer format shall not be used. In the extraordinary situations where a short exchange cannot be converted to a first-person narrative without losing important meaning, however, the abstract may include brief quotations from the transcript.

Here, in direct violation of Rule 4-2, appellant's entire abstract is in question-and-answer format.

Due to appellant's failure to comply with our abstracting rules, we order appellant to file a substituted brief curing the deficiency within fifteen days from the date this order is entered.[1] After service of the substituted brief, appellee shall have the opportunity to file a responsive brief in the time prescribed by the clerk, or appellee may choose to rely on the brief previously filed in this appeal. While we have noted the deficient abstract, we strongly encourage appellant's counsel to review our rules to ensure that no additional deficiencies exist, as any subsequent rebriefing order may result in affirmance of the order or judgment due to noncompliance with Rule 4-2.[2]

Rebriefing ordered.

GLADWIN and WHITEAKER, JJ., agree.

*University of Arkansas School of Law, Law School Legal Clinic*, by: *Tiffany Murphy*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

[1]Ark. Sup. Ct. R. 4-2(b)(3).

[2]*See* Ark. Sup. Ct. R. 4-2(b)(3); *see also Carter v. Cline*, 2011 Ark. 266 (per curiam).