Cite as 2020 Ark. App. 534

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-19-617

| | |
|---|---|
| JOSEPH THOMAS LACEFIELD | **Opinion Delivered:** November 18, 2020 |
| APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NOS. 04CR-14-821; 04CR-14-1460; 04CR-15-69] |
| V. | |
| STATE OF ARKANSAS | HONORABLE ROBIN F. GREEN, JUDGE |
| APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Joseph Thomas Lacefield appeals the order of the Benton County Circuit Court denying his petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2019). Although appellant raises a multitude of points on appeal, none require reversal. We affirm.

Appellant was convicted by a Benton County jury of two counts of robbery and one count of aggravated robbery for which he was sentenced to an aggregate term of thirty years' imprisonment in the Arkansas Department of Correction. We affirmed his conviction on direct appeal.[1] Appellant then filed in the circuit court a petition for postconviction relief. In an order entered on March 28, 2019, the circuit court, without holding an evidentiary

---

[1]*See Lacefield v. State*, 2018 Ark. App. 481, 559 S.W.3d 311.

hearing, denied appellant's petition seeking Rule 37.1 relief. From that denial, appellant now appeals.[2]

On appeal from a circuit court's ruling on a petitioner's request for Rule 37 relief, this court will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous.[3] A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed.[4]

The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[5] Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution.[6] A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness.[7]

---

[2]Due to abstracting deficiencies, we previously ordered rebriefing of appellant's postconviction relief appeal. *See Lacefield v. State*, 2020 Ark. App. 243. The deficiencies have now been corrected.

[3]*Kemp v. State*, 347 Ark. 52, 60 S.W.3d 404 (2001).

[4]*Id.*

[5]*Strickland v. Washington*, 466 U.S. 668 (1984).

[6]*Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007).

[7]*Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam).

A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[8]

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial.[9] The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors.[10] A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial.[11] Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable.[12] Additionally, conclusory statements that counsel was ineffective cannot be the basis of postconviction relief.[13]

On appeal, appellant first argues that the circuit court erred in failing to find that his trial counsel provided ineffective assistance by failing to move for a severance of charges. Specifically, he contends that due to remoteness in time and dissimilar characteristics, his trial counsel should have moved to sever the aggravated-robbery charge from the two counts

---

[8]*Id.*

[9]*Id.*

[10]*Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006).

[11]*Id.*

[12]*Id.*

[13]*Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783.

of robbery. Arkansas Rule of Criminal Procedure 37.2(b)[14] requires that all grounds for postconviction relief must be asserted in the original petition.[15] Here, appellant did not raise this severance issue in his petition for postconviction relief. While we acknowledge that he did argue the point in the "Memo in Support of Petition for Post-Conviction Relief," that does not comply with the requirements of Rule 37.2. Consequently, appellant's ineffective-assistance-of-counsel claim as to the failure to move for a severance of charges is not preserved for our review. Additionally, appellant failed to obtain a ruling on the issue, which also precludes appellate review of this claim.[16]

Appellant next argues that the circuit court erred in failing to find that his trial counsel was ineffective for (1) failing to object to State's witness Detective Hanna's opinion-based testimony regarding cellphone triangulation because he was not an expert witness, and (2) inadequately cross-examining the State's witness, Troy Grant.

In the Rule 37 petition, appellant argued that his counsel was ineffective for failing "to adequately examine Detective Hanna to point out that his illustrations admitted as Exhibit 34 did not correspond to his testimony that the same method of analysis is applied to all cell site location information analyses when his illustrations used different shapes, different angles, appeared to cover vastly different areas, and the length of the legs of the illustrated triangles radiated at different lengths from the towers." There was no argument made in the petition for postconviction relief that appellant's trial counsel provided

---

[14]2019.

[15]*Williams v. State*, 2019 Ark. App. 58, 569 S.W.3d 361.

[16]*See Hogan v. State*, 2013 Ark. 223.

4

ineffective assistance for failing to object to Detective Hanna's technical cell-tower testimony despite not having been admitted as an expert witness. As in the above point, the issue was not raised in the postconviction petition but was addressed in appellant's memo in support of the petition; however, that does not preserve the issue for purposes of review.[17] Furthermore, as noted in appellant's brief, the circuit court did not rule on this issue. Failure to obtain a ruling precludes our review.[18]

Appellant also asserts that trial counsel was ineffective for failing to properly cross-examine Troy Grant. Specifically, he argues that counsel was aware that Grant had made "inappropriate sexual advances" toward appellant's minor daughter and should have used that information and related police reports to impeach Grant's testimony. However, such claims require that appellant show that the testimony and evidence would have been admissible,[19] which, as the circuit court correctly found, appellant failed to establish.

Appellant argues that trial counsel also provided ineffective assistance for failing to develop and present mitigating evidence during the sentencing phase of trial which could have led the jury to impose a lesser sentence. In his Rule 37 petition, appellant argued that "a surplus of mitigating evidence existed." Specifically, he detailed his military history and combat service, lack of prior criminal history, and role as single father. Where a petitioner alleges ineffective assistance of counsel concerning the failure to call witnesses, it is

---

[17] *See* Ark. R. Crim. P. 37.2(b).

[18] *Hogan*, *supra*.

[19] *See Boyd v. State*, 2017 Ark. App. 592, 534 S.W.3d 732.

incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence.[20] We agree with the circuit court's finding that appellant's petition failed to name or provide testimony of specific mitigation witnesses.

Appellant next argues that his trial counsel was ineffective for failing to file what he refers to as "appropriate" motions. He contends that trial counsel was ineffective for failing to challenge the certification of Arkansas State Crime Laboratory experts under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[21] and failing to investigate the underlying data from the crime lab. Although on appeal appellant contends that a female DNA profile and unknown hairs were found in evidence, no argument related to counsel's failure to investigate the crime lab's handling of the unidentified DNA evidence or data was raised in the petition below; consequently, it is not preserved for appeal.[22]

Appellant did, however, raise the *Daubert* argument in the postconviction petition, arguing that trial counsel was ineffective for failing to challenge the testimony of Arkansas State Crime Laboratory expert Kelli Dixon under *Daubert* in regard to DNA testing and how she arrived at her conclusions. In the order denying relief, the circuit court found that "[t]he Petition failed to establish that trial counsel was ineffective in filing pre-trial motions and making various objections. Specifically, the Petition fails to show that trial counsel

---

[20]*Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895.

[21]509 U.S. 579 (1993).

[22]*See* Ark. R. Crim. P. 37.2(b).

6

could have made a successful argument." We agree. Appellant merely states that "[n]one of that testimony makes sense without more information." Conclusory allegations that are unsupported by facts do not provide a basis for postconviction relief.[23]

For his next claim for postconviction relief, appellant contends the circuit court erred in not finding that his trial counsel provided ineffective assistance by failing to object to the State's improper vouching of witnesses. He argues that in the State's closing argument, the prosecutor stated that its witness, Troy Grant, had no reason to lie, and that such improper vouching for the credibility of the witness amounted to prosecutorial misconduct that should have been objected to by his trial counsel. As the State points out, due to appellant's failure to obtain a ruling on this particular issue, this argument is not preserved for our review. When the circuit court provides written findings on at least one, but less than all, of the petitioner's claims, our supreme court has held that an appellant has an obligation to obtain a ruling on any omitted issues if they are to be considered on appeal.[24]

Appellant's next ineffective-assistance-of-counsel argument is that his counsel was ineffective for failing to object to the prosecutor's repeated references to appellant's decision to exercise his right against self-incrimination. He states that the prosecutor, throughout closing and rebuttal, commented on the undisputed and unchallenged evidence, thereby drawing attention to the fact that appellant did not testify at trial. While a version of this argument was made in appellant's Rule 37 petition, it was couched only in terms of a

---

[23]*Shadwick v. State*, 2017 Ark. App. 243, 519 S.W.3d 722.

[24]*Nelson v. State*, 2018 Ark. App. 583, 566 S.W.3d 530.

7

constitutional argument and not as the ineffective-assistance-of-counsel argument appellant now makes. Although in the "Memo in Support of Petition for Post-Conviction Relief" appellant contended that trial counsel's failure to object to the prosecutor's statements constituted ineffective assistance of counsel and deprived him of a fair and impartial trial, the argument is not preserved for review due to failure to raise it in the petition for postconviction relief.[25]

For his final ineffective-assistance argument, appellant contends that the circuit court erred by not finding his trial counsel ineffective for failing to preserve the record with objections related to the admission of certain evidence. As with other points, our review of the record reveals that appellant failed to make this argument in his petition for postconviction relief. While appellant addresses the argument for the first time in the "Memo in Support," that is not sufficient to preserve the argument for appellate review.[26]

In addition to the above ineffective-assistance-of-counsel-arguments, appellant asserts that he was denied meaningful access to the court to fully plead and present his Rule 37 claims. He argues that due to the circuit court's failure to rule on his motions prior to denying postconviction relief, the proceedings were fundamentally unfair and amounted to a denial of due process. We do not agree.

While there is no constitutional right to a postconviction proceeding, when a state undertakes to provide collateral relief, due process requires that the proceedings be

---

[25] *See* Ark. R. Crim. P. 37.2(b).

[26] *See* Ark. R. Crim. P. 37.2(b).

8

fundamentally fair.[27] The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.[28] Due process does not require courts to provide an unlimited opportunity to present postconviction claims.[29] Certain procedural requirements or other limitations on postconviction relief do not violate due-process rights.[30]

Regarding appellant's motion to exceed the ten-page limitation pursuant to Ark. R. Crim. P. 37.1(b), our supreme court has held that placing certain limitations on the form or length of petitions is an entirely reasonable restriction on petitioners seeking postconviction relief.[31]

Appellant contends that the circuit court also failed to rule on his motion to amend his postconviction petition. However, our review of the record reveals no separate motion to amend the petition was filed. The only reference to amending the petition is found near the end of his motion to exceed the ten-page limitation in which appellant states the following:

> The investigation into the factual basis for all of his constitutional claims is ongoing and due to the sixty-day filing deadline, he is unable to fully articulate all the claims for relief at this time. As such, he will need to amend his Rule 37 application for post-conviction relief to fully present to this Court all his grounds for relief.

[27] *Smith v. State*, 2015 Ark. 23, 454 S.W.3d 219.

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Davis v. State*, 2010 Ark. 366.

In that motion, appellant requested "that this court grant his motion to exceed the 10-page limit to fully develop and explain his constitutional grounds for relief." As stated above, appellant's due-process rights were not violated by the circuit court's failure to rule on appellant's motion to exceed the page limitation set forth for postconviction petitions.[32] The circuit court's failure to rule on a separate, nonexistent motion to amend cannot violate appellant's due-process rights.

While appellant asserts that the circuit court also erred by not ruling on his motion to file exhibits for his Rule 37 petition under seal, the extent of his argument is that this resulted in the denial of a full and fair hearing of his claims. Without further articulation as to how the circuit court abused its discretion, we decline to address this point.

Appellant's argument that his due-process rights were violated by the circuit court's failure to rule on his discovery requests is meritless. Appellant filed a motion seeking discovery of Arkansas State Crime Laboratory documents related to DNA testing results. A petitioner is not entitled to discovery to pursue a Rule 37.1 claim for relief.[33]

For his next point, appellant argues that the circuit court erred by denying his request for postconviction relief without holding an evidentiary hearing. Specifically, appellant contends that an evidentiary hearing was necessary to demonstrate that trial counsel was ineffective for failing to hire an eyewitness-identification expert to impeach Timothy Dye's identification of appellant. First, to the extent that this claim is a challenge to the sufficiency

---

[32] *See id.*

[33] *Lowe v. State*, 2012 Ark. 185, 423 S.W.3d 6.

of the evidence, we have repeatedly held that such challenges are not cognizable in Rule 37 proceedings.[34] Moreover, Rule 37.3 provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief.[35] When the circuit court concludes, without holding a hearing, that the petitioner is not entitled to relief, Rule 37.3(a) requires the circuit court to make written findings specifying the parts of the record that form the basis of the circuit court's decision.[36] Here, the record and petition conclusively reveal that appellant is not entitled to postconviction relief, and an evidentiary hearing was not warranted.

Appellant next asserts a series of errors amounting to violations of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Specifically, appellant contends (1) his right against self-incrimination was violated when the prosecutor referenced his failure to testify; (2) the prosecutor provided testimonial statements and mischaracterized evidence depriving appellant of his right to cross-examine witnesses in violation of the Confrontation and Due Process Clauses; and (3) the State improperly shifted the burden of proof to appellant to prove his innocence. While we do not take allegations of constitutional violations lightly, such claims are not cognizable in Rule 37.1 proceedings.[37] Constitutional

---

[34]*Boyd v. State*, 2017 Ark. App. 592, 534 S.W.3d 732.

[35]*Duff v. State*, 2019 Ark. App. 108, 570 S.W.3d 522.

[36]*Id.*

[37]*See Moten v. State*, 2013 Ark. 503.

claims are to be raised at trial or on direct appeal, not in requests seeking postconviction relief.[38]

As his last point on appeal, appellant requests that his many claims be considered collectively, urging this court to conduct a cumulative-error analysis. We have repeatedly held that the concept of cumulative error is not recognized in Rule 37.1 proceedings when assessing whether a petitioner was afforded effective assistance of counsel.[39]

Based on the foregoing, we hold that the circuit court did not err in denying appellant's petition for Rule 37.1 relief.

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*Tiffany Murphy*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

[38] *See McCroskey v. State*, 278 Ark. 156, 644 S.W.2d 271 (1983).

[39] *Nelson v. State*, 2014 Ark. 28.