Cite as 2021 Ark. App. 210

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-20-486

| | | |
|---|---|---|
| | | **Opinion Delivered** May 5, 2021 |
| LARRY DAVID DAVIS | | |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION |
| V. | | [NO. 60CR-18-2635] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BARRY SIMS, JUDGE |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

In June 2019, appellant Larry David Davis pleaded guilty to theft of property in the Pulaski County Circuit Court. He was sentenced as a habitual offender to five years' imprisonment, and charges of commercial burglary and breaking or entering were nolle prossed. Davis subsequently filed a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. The circuit court denied Davis's petition without holding an evidentiary hearing. Davis now appeals, and we affirm.

On appeal, Davis argues that the circuit court erred in dismissing his petition without holding an evidentiary hearing; that his guilty plea was not voluntarily, knowingly, and intelligently made; that the felony information was defective; that he was charged in the wrong county; and that his counsel was ineffective by failing to move for dismissal on the grounds of a defective information, wrong jurisdiction, a defective warrant, and violation of his speedy-trial rights.

We do not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Duff v. State*, 2019 Ark. App. 108, 570 S.W.3d 522. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that the circuit court made a mistake. *Id.* When a defendant pleads guilty, the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege that the plea was not made voluntarily and intelligently or was entered without effective assistance of counsel. *Jamett v. State*, 2010 Ark. 28, 358 S.W.3d 874.

Davis makes two arguments about his plea. First, he contends that his attorney pressured him into entering the plea despite his insistence that he did not commit the crime. He claims that his attorney lied to his son about the evidence against him so that his son would also pressure him to take the plea. The circuit court found, however, that Davis had initialed the fifth question on his plea statement to indicate that his plea had not been induced by any force, threat, or promise. Furthermore, the court found that it had verbally questioned Davis about whether he had been threatened to enter his plea, and Davis did not indicate that he was afraid or was threatened to enter his plea. Accordingly, the circuit court concluded that Davis's plea was entered into voluntarily. On appeal, Davis does not dispute that he denied, both in writing and verbally, that his plea was induced by any threat. The supreme court has held that when the record shows that the circuit court questioned a defendant about whether he was satisfied with his attorney and whether his guilty plea was freely and voluntarily made, and the defendant answered in the affirmative, the defendant could not subsequently claim ineffective assistance of counsel on those grounds in a Rule

2

37.1 petition because he had an opportunity to raise the issue prior to his plea and failed to do so. *Jamett*, *supra*. We find no merit in Davis's argument.

Davis also argues that his plea was not knowingly and intelligently made because he merely participated in the ritual of answering yes and no to the court's questions and did not provide a factual basis for his plea. The circuit court found that it had asked the State for a factual basis for the plea, and after the recitation of the facts by the State, the court asked Davis if those facts were true. The court found that, according to the audio record of the plea hearing, Davis replied, "Yes, Your Honor." The court found that at no time did Davis indicate he was innocent of the crime. Therefore, the court denied Davis's claim. On appeal, Davis does not dispute that the State provided a factual basis for the crime and that he agreed it was true. Furthermore, we note that Davis indicated on his plea statement that he fully understood what he was charged with having done and that he had fully discussed his case with his attorney and was satisfied with her services. Accordingly, we hold that the circuit court's findings are not clearly erroneous.

We turn next to Davis's claims that his counsel was ineffective for failing to make several motions. As stated above, these claims are cognizable in a proceeding pursuant to Rule 37.1 following a guilty plea. *Jamett*, *supra*. However, as noted by the State, Davis's claims are not preserved for our review because he did not raise them in his Rule 37.1 petition. The appellant is limited to the scope and nature of the arguments made to and considered by the circuit court in rendering its ruling. *Davis v. State*, 2018 Ark. App. 540, 564 S.W.3d 283. We do not address new arguments raised for the first time on appeal. *Id.*

3

Davis's claim that the information contained defects that made it insufficient to charge him was summarily denied by the circuit court along with other claims because the court found that they were not proper grounds for relief under Rule 37. Claims of constitutional deprivation that occur prior to the entry of a guilty plea are not pertinent because the focus of inquiry in a collateral attack on a guilty plea is on the question of voluntariness of the plea as it relates to the advice rendered by counsel. *Davis*, *supra*. Any other defenses, except jurisdictional defects, are considered waived by the appellant. *Id*. Thus, Davis's claim that he was charged via a defective information is procedurally barred. Davis's claim that the crime occurred in Lonoke County instead of Pulaski County, where he was charged and pleaded guilty, does raise an issue that could render the judgment void and subject to collateral attack. *See Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). As the State notes, however, the theft at issue occurred at a liquor store, and the sale of alcohol is prohibited in Lonoke County.[1] Davis was charged in Pulaski County after the theft was investigated by the Jacksonville Police Department. The record is void of any evidence to support Davis's allegation. *See Mancia v. State*, 2015 Ark. 115, 459 S.W.3d 259. Accordingly, he has failed to demonstrate any merit to his claim.

Lastly, we turn to Davis's argument that the circuit court erred in denying relief without holding an evidentiary hearing. Rule 37.3 provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case

---

[1]The Alcoholic Beverage Control Division of the Arkansas Department of Finance and Administration does not list Lonoke County as a "wet" county where the sale of alcohol is authorized. We may take judicial notice of public records required to be kept. *Public Loan Corp. v. Stanberry*, 224 Ark. 258, 262 n.2, 272 S.W.2d 694, 697 n.2 (1954).

conclusively show that the petitioner is entitled to no relief. *Duff, supra.* When the circuit court concludes, without a hearing, that the petitioner is not entitled to relief, Rule 37.3 requires the circuit court to make written findings specifying the parts of the record that form the basis of the circuit court's decision. *Id.* If the circuit court fails to make such findings, it is reversible error unless the record before this court conclusively shows that the petition is without merit. *Id.* Here, the circuit court made written findings citing the record in denying Davis's claims concerning his plea and found that Davis's remaining claims were not cognizable under Rule 37. We agree with the circuit court that the files and record of the case conclusively show that Davis is entitled to no relief; thus, the circuit court's decision to deny his petition without a hearing was not clearly erroneous. Accordingly, we affirm the circuit court's denial of Davis's petition for postconviction relief.

Affirmed.

WHITEAKER and VAUGHT, JJ., agree.

*Larry David Davis*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.